KIVIE APROPO, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24417.) — Appeal from an order of the Court of Claims entered on December 10, 1936, denying claimant's leave to file his claim after the statutory time to do so had expired. The statute in effect at the time the claim arose and at the time the notice of claim should have been filed provided that such claim must be filed within sixty days after it had accrued. (Court of Claims Act, § 12-a, as amd. by Laws of 1929, chap. 467.) The right to file the claim in question expired before the amendment of section 12-a, enacted by chapter 775 of the Laws of 1936. Also the proposed claim filed by the claimant fails to allege a complete cause of action by failing to show that the claimant was free from contributory negligence. Order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ. [161 Misc. 142.]

KATE CASEY, Respondent, v. GEORGE N. OSTRANDER, Appellant, Impleaded with NORTH CREEK SUPPLY CO., INC., and FRANK HUSSELBECK, Defendants.— Appeal from an order denying a motion made by an indorser on a promissory note to strike out portions of plaintiff's complaint. It apparently is intended, in the complaint, to allege a cause of action upon a theory that the appellant waived the presentation of the note on its due date. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.