MARY ARIAS, as Guardian ad Litem of WILLIAM RODRIGUEZ, an Infant, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, February 10, 1938.

*Philip Weiss,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Harold Greenstein, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J.    This motion was made pursuant to subdivision 5 of section 15 of the Court of Claims Act by the guardian *ad litem* of William Rodriguez, an infant, for leave to file a claim to recover damages for personal injuries sustained by the said infant through the negligence of the State, its officials, agents and employees.

It appears from the moving papers that on November 25, 1936, while the infant William Rodriquez was under commitment at the New York Vocational School at West Coxsackie, N. Y., he was assaulted by one Inglis, who was also an inmate of said institution; that the assault occurred in Rodriguez' cell, the door of which had been left unlocked by the guard in charge, in violation of the rules of the institution, and while said guard in charge of the cell was not in attendance.    It further appears that Inglis, in cohorts with two other inmates, committed the assault upon the infant herein by striking him on the head with an iron pipe, rendering him unconscious, while the two other inmates were standing at the cell door on watch for the return of the guard.    As the result of the assault committed on the infant Rodriguez it is alleged that he sustained severe injuries, consisting of a fractured jaw, lacerations on the top of the head, necessitating stitching of six inches; his teeth were knocked out of his mouth and about twenty stitches or sutures were taken in his mouth and jaw, also necessitating the putting in of an upper and lower bridge or dental plate in his mouth. Rodriguez was hospitalized for a month, and thereafter returned to his regular cell and was subsequently released on parole from the institution in April, 1937.    Within less than two months after his release on parole he married, thereby violating his parole, and in June, 1937, he was recommitted.    On August 16, 1937, while in the institution, he attempted to commit suicide and was thereupon committed as insane by the county judge of Greene county to the Hudson River State Hospital at Poughkeepsie.    Except for the statement in the moving papers that Rodriguez was over fourteen years of age his exact age is not given.

Taking into consideration all of the facts herein stated, to wit, the infancy of the injured; the confinement in the State institution and in the hospital during the entire period after the assault except for the short period of about two months while the infant was out on parole, and during which period he married, thus violating his parole; his recomitment; and, furthermore, the fact that said infant was evidently suffering from some mental ailment, evidenced by his suicidal attempt and his commitment to an institution for the insane, the application made herein for leave to file a claim should be granted.

The failure on the part of the parents to serve a notice of intention to file a claim or to file a claim within the statutory period should not, under the circumstances, result in the forfeiture of the infant's right to file a claim. While, under ordinary circumstances, in the case of an infant over fourteen years of age, the strict requirement of the statute with respect to the time for filing a claim might be enforced against him, the rule is not so rigid as to be beyond a construction which admits of a substantial compliance with its requirements or of an excuse for delay in performance, when caused by the inability of the injured person to comply. (*Walden* v. *City of Jamestown*, 178 N. Y. 213.) In the case of *Murphy* v. *Village of Fort Edward* (213 N. Y. 397), Judge COLLIN, writing for the Court of Appeals, and quoting from the opinion of the court below, on page 402, in that case said, " no rigid rule can be established. If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable. ' Each case must be a law unto itself ' within reasonable limits." In the instant case all of the circumstances affecting the infant herein since the date of the assault committed upon his person were such as to at least indicate that the infant was not of ordinary mental capacity, and that, by reason of his confinement in the hospital and the institution, except for the short period of time when he was out on parole, and because of his alleged mental incapacity he failed to comply with the provisions of the statute by filing his claim within time. The Court of Appeals has heretofore held in the case of *Russo* v. *City of New York* (258 N. Y. 344, 348), " they [the strict requirements of the statute] are enforced against an infant of riper years, of *ordinary* physical and *mental* capacity." When enforcing the strict requirements of the statute with respect to the filing of a claim, in the case of an infant, even though over fourteen years of age, careful and serious consideration must be applied to the question of the mental capacity of such infant.

None of the facts as herein stated as a basis for the excuse for failure to file a claim are denied or contradicted in the affidavit submitted in opposition to the motion, and, therefore, for the purpose of this motion, the same are deemed to be true. It further appearing from the moving papers that all the facts surrounding the claim are or should be within the knowledge of the State or its employees, and that the State will not be prejudiced by the filing of a claim at this time, the motion for leave to file such claim is granted. Submit order accordingly.

BARRETT, P. J., concurs.