In the Matter of the Application of NEWMAN LAKE HOUSE, INC., Petitioner, for an Order of Review against HENRY E. BRUCKMAN, Chairman, JOSEPH M. RYAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents.— This is a proceeding to review the action of the State Liquor Authority suspending the license of the petitioner for a period of ten days by an order dated August 21, 1939, which order was purported to be corrected by an order dated August 23, 1939. The matter was transferred to this court after a hearing, in the first instance, by an order of the Special Term, the matter having come before the Special Term on an order to show cause. On August 11, 1939, two investigators of the State Liquor Authority visited the Newman Lake House. They made a report of their investigation to the State Liquor Authority and upon that report a notice of a hearing was served upon the petitioner. The petitioner was charged: (1) with selling or giving away liquor for consumption off the premises, a violation of section 106, subdivision 3, of the Alcoholic Beverage Control Law; (2) with permitting gambling on the licensed premises, in violation of section 106, subdivision 6, of the Alcoholic Beverage Control Law; (3) with violating section 106, subdivision 6, of the Alcoholic Beverage Control Law, in permitting a violation of section 973 of the Penal Law, which prohibits the keeping of a gambling establishment; and (4) with violating section 106, subdivision 6, of the Alcoholic Beverage Control Law, in permitting the violation of section 980 of the Penal Law, which prohibits solicitation for gambling purposes. A hearing was held and evidence taken and the petitioner appeared in person and by counsel and as the result of that hearing an order of suspension was granted which recited as follows: " the said licensee having been found guilty of the following acts: Permitted gambling on licensed premises (Sec. 106, Subd. 6); sold for off-premises consumption (Sec. 106, Subd. 3); violated Sec. 973 of Penal Law (Sec. 106, Subd. 6); violated Sec. 980 of Penal Law (Sec. 106, Subd. 6) " and the license was suspended by the order from the 23d day of August, 1939, until the 2d day of September, 1939. On the 23d day of August, 1939, the Liquor Authority made a corrected order of suspension in which it was recited, among other things, " and the said licensee having been found guilty of the following act: that the licensee violated Section 106, sub-division

3, of the Alcoholic Beverage Control Law in that it sold, delivered or gave away or permitted or procured to be sold, delivered or given away liquor and/or wine for consumption off the licensed premises where sold, delivered or given away." There was no proof by which the Board could have sustained the gambling charges. The first order of suspension recited that the licensee had been found guilty of " sold for off-premises consumption (Sec. 106, subd. 3)," that is they were found guilty of the particular charge contained in the first section of the notice of suspension herein. The so-called corrected order of suspension finds them guilty of this charge alone. The proof is insufficient to sustain this charge. The hearing afforded the petitioner was in the nature of a judicial proceeding and the Board having made the determination contained in the first order could not thereafter change its decision so as to affect any right of the petitioner. (*Herpe* v. *Herpe*, 225 N. Y. 323; *Osterhoudt* v. *Rigney*, 98 id. 222; *People ex rel. Chase* v. *Wemple*, 144 id. 478.) The evidence is insufficient to sustain the determination and in the interests of substantial justice such determination is annulled on the law and facts, with fifty dollars costs and disbursements to petitioner, and the matter is remitted to the State Liquor Authority. Crapser, Heffernan and Schenck, JJ., concur; Hill, P. J., and Bliss, J., dissent.