GEORGE CHERGOTIS, Administrator, etc., of GUS CHERGOTIS, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, October 21, 1939.

*George A. Grabow*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General*, of counsel], for the defendant.

GREENBERG, J. This motion was made pursuant to subdivision 5 of section 15 of the Court of Claims Act (added by Laws of 1936, chap. 775) for leave to file a claim. The proposed claim and the affidavits submitted in support of the motion allege and set forth that the deceased was struck by an automobile, receiving injuries resulting in his death; that the said automobile was operated by a police officer of the New York city police department who was engaged at the time of the accident in the performance of his duties on behalf of Hiram J. Todd who had been appointed by the Governor of the State of New York as a Special Assistant Attorney-General, pursuant to subdivision 2 of section 62 of the Executive Law.

The facts stated in the motion papers as the basis for leave to file the claim are not denied nor contradicted in the affidavit submitted in opposition, and, therefore, for the purpose of this motion, same are deemed to be true. (*Arias* v. *State*, 166 Misc. 164.) There being no denial of the statement contained in the affidavit in support

of the motion, that the operator of the automobile which caused the death of claimant's deceased made a full report to the office of Mr. Todd, that fact also will be deemed to be true.

It does not appear, however, that the claimant has a cause of action against the State. Pursuant to the provisions of subdivision 2 of section 62 of the Executive Law, the Special Assistant Attorney-General was directed to perform all the duties " of such actions or proceedings, which the District Attorney would otherwise be authorized or required to exercise or perform * * * in *all* such cases, expenses incurred by the Attorney General, including the salary or other compensation of all deputies employed, shall be a county charge." The intention of the Legislature was to place the financial burden or the entire cost of the special designation upon the county and not to place any burden or cost upon the State. The scheme of the statute is payment by the county of all the expenses and liabilities of State officers in the discharge of county functions. The Greater New York Charter (§ 4), in effect at the time of the accident, provides as follows: " All valid and lawful charges and *liabilities* now existing against any municipal or public corporations, or parts thereof, which by this Act are made a part of the corporation of the city of New York * * * or *which may hereafter arise* or accrue against such municipal and public corporations, or parts thereof * * * shall be deemed and taken to be like charges against or *liabilities* of the said city of New York."

The Special Assistant Attorney-General, in the performance of his duties pursuant to the designation by the Governor, was discharging a county function, and all liability incurred by him or his assistants in the performance of such duties is the county's and not the State's.

Therefore, upon the authority of *Apropo* v. *State* (161 Misc. 142; affd., 252 App. Div. 803), the motion herein for leave to file a claim is denied. Submit order accordingly.

BARRETT, P. J., concurs.