GEORGE CHERGOTIS, as Administrator, etc., of GUS CHERGOTIS, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.*

Third Department, May 1, 1940.

* Affg. 172 Misc. 272.

*George A. Grabow* [*Seymour L. Colin* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Assistant Attorney-General,* of counsel], for the respondent.

HEFFERNAN, J.   On November 24, 1937, Gus Chergotis, claimant's intestate, was struck by an automobile owned by one Anna Loures and operated by George A. Loures, a police officer of the city of New York, and sustained injuries as a result of which he died on December 22, 1937.   A wife and three children survived deceased.

Limited letters of administration upon his estate were issued by the surrogate of Kings county to claimant on June 21, 1938, for the purpose of prosecuting an action against the person or persons responsible for the wrongful death.

Claimant instituted two actions for the recovery of damages which are now pending in the Supreme Court of Kings county; one, commenced on July 18, 1938, against the owner and operator of the automobile which caused the fatal injuries; the other, begun March 3, 1939, against the city of New York.   The action against the city is predicated on the theory that at the time claimant's intestate was injured Loures, the operator of the car, was engaged in the performance of his official duties as a police officer and was acting within the scope of such employment.

The corporation counsel of the city of New York interposed answers in these actions on behalf of all the defendants.

In March, 1939, on plaintiff's application, the defendant George A. Loures was required to and did submit to an examination before trial, during the course of which he testified that at the time of the accident he was transporting a witness in a criminal prosecution.

In the city's amended answer, served about June 1, 1939, it is alleged that at the time of the accident the automobile operated by Loures was being driven by him " in conveying, transferring or delivering a witness in connection with his duties arising out of his assignment to the office of special prosecutor Hiram J. Todd."

The record discloses that on December 9, 1935, Todd had been designated as a Special Assistant Attorney-General, pursuant to the provisions of subdivision 2 of section 62 of the Executive Law, for the purpose of superseding the district attorney of Kings county in the prosecution of a specified criminal case.

After the service of the city's amended answer, and on June 20, 1939, claimant noticed a motion, returnable before a judge of the Court of Claims on June 28, 1939, for permission to file a claim against the State of New York for damages for the death of his intestate based on the alleged negligence of an alleged State employee.

The proposed claim alleges, in substance, that in December, 1935, Todd received his appointment as Special Assistant Attorney-General and that at the time of the accident he was acting in such capacity; that Loures was acting under Todd's direction and was in the service of the State and while so engaged he negligently struck and killed the deceased.

At the time of the occurrence of the accident in question, and also at the time of the application for permission to file a claim, subdivision 2 of section 15 of the Court of Claims Act required the filing of a claim of this character or of written notice of an intention to file such a claim within ninety days after the appointment of an executor or administrator. No claim having been filed within the statutory period, application was made pursuant to subdivision 5 of section 15 of the act for permission to file the same. The pertinent provisions of that section as it then existed (since amended and renumbered subdivision 5 of section 10 by chapter 860 of the Laws of 1939) are: " A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the dece-

dent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the State or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim. The application may be made returnable at any regular or special session of the court and may be heard by any judge thereof but no determination thereof shall be rendered except upon the concurrence of at least two of the judges of the court. The claim proposed to be filed, containing all of the information set forth in section fifteen-a of this act, shall accompany such application. No such application shall be granted if the court shall find that the State has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor."

The application in this case, was based on a proposed claim and on the affidavits of claimant and his attorney. In his own affidavit, verified June 20, 1939, for the purpose of excusing his default in filing either a claim or a notice of intention to file the same, claimant states he omitted to do so " because until June 1st of this year neither my attorney nor I was aware that the State was in any way responsible for the death of my said brother." In the attorney's affidavit, verified June 20, 1939, it is alleged that he was retained by claimant on June 17, 1938, to take appropriate action against the responsible persons for the recovery of damages by reason of decedent's death; that in pursuance of his retainer he instituted suit, first against the owner and operator of the car, and, later, a like suit against the city of New York. It is also alleged that when he received the city's amended answer on June 1, 1939, he learned for the first time that the State of New York was in any way involved in the accident. It is also asserted in this affidavit that the State of New York had actual knowledge of the occurrence of the accident due to the fact that the driver of the car filed a report of such accident with the Motor Vehicle Bureau on November 24, 1937. The affidavit also states, upon information and belief, that the operator of the car made a full report of what occurred to Todd's office.

The Court of Claims denied claimant's application for leave to file a claim and from that order claimant has come to this court.

To excuse the failure to file a claim or notice of an intention to file one within ninety days after the appointment of an executor or administrator the applicant must show a reasonable excuse for failure to file within that time; that the State had, prior to the expiration of the ninety-day period, actual knowledge of the essential facts con-

stituting the claim and that the State has not been prejudiced by the delay in filing.

It seems to us that the affidavits submitted by claimant fall far short of the statutory requirements. No reason is assigned for the failure of decedent's representatives to take any action between the date of death on December 22, 1937, and June 21, 1938, the date when letters of administration were issued. An attorney was retained on June 17, 1938, and yet no action was taken by him to charge the State with liability until June 20, 1939, more than a year and a half after the accident. No explanation is made by the attorney for the delay which occurred in acquiring knowledge as to the responsibility of the State. Not only did claimant fail to submit to the court below any credible evidence that the State had actual knowledge of the essential facts constituting the claim prior to the expiration of ninety days after its accrual but he failed to present proof that the State had any knowledge whatsoever as to the existence of such a claim until application was made for permission to file it.

The novel argument is made that because the operator of the car filed a report of the accident with the Motor Vehicle Bureau the State was thereby given actual notice of its occurrence. That contention is wholly unsound. The State is not chargeable with notice of the information contained in a formal report of an accident. The report in this case is barren of any evidence that would put a State official on inquiry. The most that can be gathered from its contents is that a member of the police department of the city of New York was involved in an automobile accident.

We may not say that the State was not substantially prejudiced by the failure. to file a claim within the statutory time. The very purpose of requiring the filing of notice of such a claim is to give the State a reasonable opportunity to make an investigation of the facts on which it is based. It is obvious that no satisfactory investigation could be made of an accident more than a year and a half after its occurrence. We think the evidence presented by claimant is insufficient to excuse his failure to file a claim or notice of intention within the statutory period. (*Schroeder* v. *State of New York*, 252 App. Div. 16.)

The order appealed from might very well be sustained for that reason alone but we prefer to rest our decision on broader grounds. The proposed claim fails to state a cause of action against the State and, consequently, the motion was properly denied. (*Apropo* v. *State of New York*, 252 App. Div. 803.)

The basis of the proposed claim is that the driver of the car which inflicted the fatal injuries was a police officer assigned to duty to

Todd while the latter was acting as prosecutor in a criminal proceeding. The car in question was not owned by the State; its driver was not a State official; neither was he a State employee. While acting as special prosecutor Todd's status was that of district attorney of Kings county. He was performing a county and not a State function. While so acting the expenses incurred by him and his compensation are county charges. (Executive Law, § 62, subd. 2.) In the city of New York, however, section 4 of the Greater New York Charter makes these items and all lawful expenses arising out of the investigation a charge against the city. Consequently, if there be any liability in this case the liability is that of the owner and operator of the car and the city of New York, against whom actions are now pending.

The order appealed from should be affirmed but, under the circumstances, without costs.

This decision is limited to the facts in this case.

CRAPSER and FOSTER, JJ., concur; HILL, P. J., and BLISS, J. dissent, in the following memorandum: A reasonably liberal construction of subdivision 5 of section 15 of the former Court of Claims Act permits the filing of this claim. To hold otherwise is to defeat the obvious purpose of the statute. This appellant had no means of knowing that the officer who was involved in the accident resulting in decedent's death was temporarily engaged in what is claimed to be business of the State instead of the city. Immediately upon learning such fact the appellant sought leave to file a claim against the State. The State had received actual notice of the accident so it was in no way prejudiced by the delay. The filing is only procedural and would in no way prejudge the merits.

Order affirmed, without costs.