BENJAMIN SIEGEL, as Trustee in Bankruptcy of the ESTATE OF HOLLYWOOD ASSOCIATES, INC., Appellant, *v.* THE STATE OF NEW YORK, Respondent.*

Third Department, July 2, 1941.

*Krause, Hirsch & Levin* [*Sidney Gross* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General; James H. Glavin, Jr.,* and *Gerald J. Carey, Assistant Attorneys-General,* of counsel], for the respondent.

HEFFERNAN, J. The trustee in bankruptcy of Hollywood Associates, Inc., has appealed from an order of the Court of Claims denying his application for permission to file a claim against the State of New York for the refund value of the bankrupt's liquor license pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.

Appellant may not be relieved of his default in filing his claim unless such claim alleges a meritorious cause of action. (*Apropo* v. *State of New York,* 252 App. Div. 803.)

The facts are not in dispute. The sole question for determination is whether or not the proposed claim constitutes a cause of action against the State.

Hollywood Associates, Inc., was engaged in the operation of a restaurant and night club in the city of New York. In the conduct of its business it secured a restaurant liquor license. It discontinued business on January 6, 1939. It made an attempt to reorganize under the provisions of the National Bankruptcy Act on January 9, 1939, but without success. It was adjudicated a bankrupt in the United States District Court as of February 24, 1939, and appellant was appointed trustee of its property. On the date when it was adjudicated a bankrupt the corporation was indebted to the State of New York in the sum of $1,297.44 for taxes due for unemployment insurance, which obligation matured on January 6, 1939.

After his appointment as trustee, and on February 28, 1939, appellant surrendered the bankrupt's liquor license, which had a refund value of $685, to the State Liquor Authority for cancellation and refund. Thereafter appellant received from the State Comptroller a letter advising him that the refund of the license in the amount of $685 had been approved and that the sum due had been paid to the Department of Labor, Division of Placement and Unemployment Insurance, in partial satisfaction of the indebtedness due to the State by the bankrupt for unemployment insurance taxes, which, as we have shown, had accrued prior to the bankruptcy proceeding. Thereupon appellant applied for permission to file a claim against the State for the amount of the refund.

The validity of the challenged order depends upon the right of setoff in bankruptcy. The Bankruptcy Act (§ 68, subds. a and b; U. S. Code, tit. 11, § 108, subds. a and b) declares:

" a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

" b. A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision g of section 93 of this title; or (2) was purchased by or transferred to him after the filing of the petition or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy."

The right to assert setoff at law is of statutory creation; it was not recognized at common law. Courts of equity, however, supplied what the common law omitted and long prior to the statute of setoffs it had been a familiar and favorite principle of courts of chancery to adjust in one suit all conflicting demands between the parties, which were readily capable of such adjustment, where, from the relations and situation of the parties and from the nature of their mutual claims, equity and justice seemed to require a complete and speedy settlement. Consequently the jurisdiction of equity is not based upon any statutes of setoff, and would exist as well without any such statutes as it now does, and would not in any sense be affected by their repeal. By the exercise of this equitable jurisdiction the courts are enabled to do justice between the parties in cases not strictly within the provisions of the statute. (24 R. C. L. 803, 804.)

Appellant concedes the correctness of the State's claim for taxes against the bankrupt. His contention is that the Comptroller had no legal authority to offset these taxes against the liquor license refund on the ground that such refund became due and payable after the adjudication in bankruptcy, and that consequently no debt due and owing from the bankrupt prior thereto could be used as an offset.

In construing the provisions of the Bankruptcy Act we are governed by the law of setoff as it prevails in the Federal courts. (*Frank* v. *Mercantile National Bank*, 182 N. Y. 264.) Under the Federal statute unmatured claims against the bankrupt are provable against his estate and are subject to the law of equitable setoff. (*Matter of Pottier & Stymus Co.*, 262 Fed. 955.) Formerly a different rule existed in our own State. When the Legislature enacted section 151 of the Debtor and Creditor Law it adopted the rule of the Federal courts in this State and abrogated the old rule that debts which had not matured at the date of the adjudication in bankruptcy could not be set off.

In the case before us the claim of the State was not an unmatured debt against the bankrupt. It became due and owing before the petition for reorganization was filed. The fact that the application for the refund of the liquor license was not made until after the adjudication in bankruptcy was made is immaterial for the controlling feature is always the maturity of the debt due from the insolvent. Equity will allow a setoff in insolvency, providing the claim of the party asserting the setoff has matured. It is of no consequence that the claim against the party asserting the setoff has not matured. (*Matter of Hatch*, 155 N. Y. 401; *Gerseta Corporation* v. *Equitable Trust Company of New York*, 241 id. 418.) In the last case the court said: " The principle upon which the rule rests is that in case of mutual debts it is only the balance which is the real or just sum owing by or to the insolvent. If the claim against the insolvent has matured at the time of an assignment for the benefit of creditors, the assignee gets no greater right than the assignor had."

The bankrupt had an unmatured or contingent claim against the State for a refund under his liquor license under the provisions of section 127 of the Alcoholic Beverage Control Law. That section provides, among other things, that on an application for payment of the refund all taxes and penalties due the State shall be deducted therefrom. The unemployment insurance contributions which the bankrupt owed are taxes which are properly deductible under the statute. Appellant asserts that the State's right of setoff against the refund value of the liquor license is restricted to taxes or penalties imposed by article 18 of the Tax Law. We think this construction of the statute is entirely too narrow. Evidently it was the intention of the Legislature to provide for the deduction of any taxes due from the license holder. Mr. Justice BERGAN at Special Term so held in *Capitol Distributors Corporation* v. *Kent's Restaurant, Inc.* (173 Misc. 827), and we are in accord with his conclusion.

It cannot be seriously doubted that if the bankrupt had sought to surrender its liquor tax certificate it would have been required to pay taxes due. Appellant has no greater rights than the bankrupt had.

As to the title which he derives from the bankrupt, appellant stands in the bankrupt's shoes, having his rights and remedies and also taking the property, in cases unaffected by any fraud of the bankrupt towards creditors, in the same plight and condition in which the bankrupt held it and subject to all equities and rights imposed upon it in the hands of the bankrupt, whether arising out of an act of the bankrupt or by operation of law. (6 Am. Jur., Bankruptcy, § 196, and cases there cited.)

The authorities cited by appellant are dissimilar in their facts. The principal case upon which he relies is *Prudential Insurance Company of America* v. *Nelson* (101 F. [2d] 441). In that case the Chickamauga Trust Company, a Tennessee corporation, was adjudged a bankrupt on December 31, 1930. For many years prior to the adjudication it was an entrepreneur with the Prudential Insurance Company for procuring and making loans on real estate. The contract between the parties made the insurance company the sole judge as to the application it would accept and of the sufficiency of the papers to be furnished and as to the legal sufficiency of the title to the security. The trust company was to collect the principal and interest for the insurance company on the loans. At the date of bankruptcy the trust company was indebted to the insurance company in the sum of $115,000 for collections made but not remitted. Prior to bankruptcy the trust company had submitted to the insurance company applications for loans aggregating $10,663.40. Subsequently the trust company had the borrowers execute notes and mortgages payable to the insurance company for the amount of the loans which the trust company paid to them out of its own funds. At the time of bankruptcy the insurance company had approved only the applications for the loans, but had not acted upon the sufficiency of the papers or the title to the security. The trust company listed as an asset the amount which it had paid in behalf of the insurance company. The latter retained the securities and attempted to offset the amount thereof against the trust company's obligation to it. The court there held that the insurance company's debt to the trustee in bankruptcy did not exist when the estate of the bankrupt passed into the hands of the trustee and consequently disallowed the setoff.

Clearly that case is not in conflict with the State's position here. The contention of appellant that the fund out of which refund values of liquor licenses are paid constitutes a trust fund in the hands of the Comptroller which may not be offset against a debt due from the bankrupt is without merit. We answered that argument in *Brearton* v. *Morgan* (257 App. Div. 34).

In the case before us the State is the owner of a debt against the bankrupt which exceeds the amount of the refund. The bankruptcy of the State's debtor draws the question with respect to the right of setoff into the domain of equity. Manifestly a court of equity should not hold itself powerless to grant relief to the State under such circumstances.

The proposed claim fails to state a cause of action and the order appealed from should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.