MARIE Toyos, Plaintiff, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1002.)

Court of Claims, April 3, 1944.

*Leonard Farbstein* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Mortimer H. Michaels* of counsel), for defendant.

GREENBERG, J. Claimant moves herein for leave to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. A reasonable excuse for the failure to file the claim or notice of intention within the statutory period has been offered but the proposed claim is under attack and question is raised as to the sufficiency thereof.

The proposed claim and affidavit in support of this application allege that the sum of $1,200 was paid by the claimant as a fee for a restaurant liquor license issued for the period from March 1, 1942, to February 28, 1943; that on October 5, 1942, the license was wrongfully and unlawfully canceled by the State Liquor Authority; that thereafter proceedings were instituted by the claimant under article 78 of the Civil Practice Act to review the acts and determination of the State Liquor Authority and the determination of the Liquor Authority was reversed and its decision annulled by the Appellate Division, Third Department, in April, 1943 (*Matter of Toyos v. Bruckman*, 266 App. Div. 28, appeal dismissed 291 N. Y. 745); that the claimant did not have the beneficial use of said retail liquor license from the time it was revoked and canceled (Oct. 5, 1942) to the expiration date of said license (Feb. 28, 1943); and that as a result claimant sustained damage for the proportionate share of the prepaid license fee for said period.

The acts of the State Liquor Authority in revoking the license of the claimant were of a judicial or quasi-judicial nature. (*Matter of Joyce v. Bruckman*, 257 App. Div. 795, leave to appeal granted 283 N. Y. 778, appeal dismissed 284 N. Y. 736; *Matter of Newman Lake House, Inc., v. Bruckman*, 258 App. Div. 765, leave to appeal denied 260 App. Div. 897, appeal dismissed 283 N. Y. 646; *Matter of Yates v. Mulrooney*, 245 App.

Div. 146), and constituted a function of government which did not place any responsibility for damages upon the State in the absence of express statutory provision. (*Haslam* v. *State of New York,* 167 Misc. 455; *Hughes* v. *State of New York* 252 App. Div. 263.) While a license which is thus issued should carry with it a right to a just rebate if the State stopped or suspended its operation without any fault of the licensee (*People ex rel. Doscher* v. *Sisson,* 182 App. Div. 734), claimant, in the absence of statutory authority, is not entitled to recover.

The Alcoholic Beverage Control Law was very recently amended by an Act entitled " An Act to amend the alcoholic beverage control law, in relation to refunds of fees for licenses or permits erroneously or unlawfully cancelled, revoked or suspended ". (L. 1944, ch. 216, eff. Mar. 21, 1944, adding § 127-c to the Alcoholic Beverage Control Law.) Prior thereto, there was no statutory authority for such recovery. However, the latter section is not applicable as it is not retroactive nor has the claimant complied with the procedural provisions thereof for the making of any application for refund.

Though equity and justice might require the State to reimburse claimant for the period from the date of revocation to the expiration date of the license, the facts pleaded in the proposed claim herein fail to allege a cause of action over which this court has jurisdiction. Relief to claimant can only come through legislative action rather than by judicial fiat.

Claimant having failed in her proposed claim to plead a cause of action against the State, upon the authority of *Apropo* v. *State of New York* (252 App. Div. 803, affg. 161 Misc. 142), *Chergotis* v. *State of New York* (172 Misc. 272, affd. 259 App. Div. 369), and *Siegel* v. *State of New York* (262 App. Div. 388, affg. 175 Misc. 515), the motion herein is denied. Submit order.