NEW YORK CENTRAL RAILROAD COMPANY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1039.)

Court of Claims, November 24, 1944.

Gerald E. Dwyer and Frederick L. Wheeler for claimant.

Nathaniel L. Goldstein, Attorney-General (Gerald J. Carey of counsel), for defendant.

GREENBERG, J.   Upon motion made pursuant to subdivision 5 of section 10 of the Court of Claims Act for leave to file a claim after the expiration of the time prescribed for filing, the Attorney-General has opposed the application upon the ground that the proposed claim fails to set forth facts sufficient to constitute a cause of action and therefore, upon the authority of Chergotis v. State of New York (172 Misc. 272, affd. 259 App. Div. 369), Siegel v. State of New York (262 App. Div. 388) and Toyos v. State of New York (181 Misc. 761), the motion should be denied.

The proposed claim and affidavit allege that in September, 1942, the Department of Public Works, Division of Highways, of the State of New York, was engaged in blasting operations on State Highway No. 22, adjoining the railroad's right of way in the vicinity of Ensign's Crossing, about one mile south of Dover Plains, New York; that in order to protect the railroad

tracks, telegraph wires and passing trains, it was necessary to station a conductor at this location to signal those in charge of the blasting operations of the approach of trains; that it was also necessary to retain a telegraph linesman to repair and protect wires; that accordingly, the railroad's representatives conferred with the State's engineers who agreed that the State would pay for such protective service; and that the wages for said watchmen or flagmen are in the sum of $843.69, covering the period from September 11th to November 6, 1942, bills for which have been submitted to the State but which have not been paid.

Claimant has failed to set forth a valid claim, either *ex contractu* or *ex delicto*. The claim is predicated upon an alleged agreement between the railroad's representatives and the State's engineers. Whether such an arrangement was made orally with the engineer in charge of the blasting operations is not altogether clear from a perusal of the moving papers. However, on October 7, 1942, claimant's superintendent did write to said engineer, asking him to authorize payment of the bills for the expenses incurred. On November 13, 1942, he received a reply from J. S. Bixby, District Engineer at Poughkeepsie, advising that he requested authorization of the Albany office for the railroad to " bill the State ". On January 18, 1943, claimant received a letter from Mr. Bixby, as follows: " Please refer to previous correspondence in regard to flagging services in connection with highway operations south of Dover Plains alongside of the Harlem Division of the New York Central Railroad. I have just been advised by our Chief Auditor, Joseph E. Sheary, that you may forward your statement of expenditures and same will receive favorable action by the department. This statement should be in detail, giving dates, number of hours, class of service, etc." Bills were thereafter forwarded to Mr. Bixby's office, but on February 14, 1944, the latter apprised the claimant that Director of the Bureau of Accounts and Contracts was returning the bills " unpaid " on the advice of the Attorney-General's office.

Section 12 of the Highway Law provides: " *Superintendent of public works to provide for maintenance and repair.* The maintenance and repair of improved state highways in towns and incorporated villages, exclusive, however, of the cost of maintaining and repairing bridges having a span of five feet or over, shall be under the direct supervision and control of the superintendent of public works and he shall be responsible therefor. The cost of such maintenance and repair shall be borne wholly by the state and be paid from moneys appropriated

therefor by the legislature. Such maintenance and repair may be done in the discretion of the superintendent either directly by the department of public works or by contract awarded to the lowest responsible bidder at a public letting after due advertisement, and under such rules and regulations as to the superintendent of public works may prescribe. *   *   * "

The work not having been done directly by the Department of Public Works or pursuant to a contract awarded the lowest responsible bidder at a public letting after due advertisement, as prescribed by said section of the Highway Law, the claim must be dismissed. (*Matter of International Ry. Co.* v. *State of New York*, 260 N. Y. 630.) In *Belmar Contracting Co.* v. *State of New York* (233 N. Y. 189, 194) the Court of Appeals held: " There is a like situation here. Section 130 of the Highway Law (Cons. Laws, ch. 25), clearly provides that the execution of a formal written contract after its approval by the comptroller is essential. This is the basis of the liability of the state. None of its officers may impose upon it a contractual obligation except in the manner prescribed. We may not ignore the restrictions and limitations with which the legislature has chosen to surround the expenditure of public moneys. They are wise and should be enforced. The state has chosen to enact something similar to the Statute of Frauds for its own protection. Those dealing with it do so knowing this fact and at their own risk. If there is no contract there is no liability. However inequitable the conduct of the state may be it has said that it shall only be responsible upon one condition and consequently the claimant must show that that condition has been complied with. Nor may this rule be evaded any more than the provisions of the Statute of Frauds may be evaded on any theory that while the contract itself is unenforcible the contract to make this contract is valid. (*Dung.* v. *Parker,* 52 N. Y. 494.)   *   *   * "

Neither the engineer in charge of the blasting operations, the District Engineer Bixby, nor the Chief Auditor had authority to bind the State by an agreement which would be in contravention of the provisions of the Highway Law (*supra*).

Nor has a claim been pleaded in tort. The moving papers fail to set forth or allege facts constituting a trespass or negligence on the part of the State in its blasting operations. Any damage claimant might otherwise have suffered would be *damnum absque injuria.* (*Page* v. *Dempsey,* 184 N. Y. 245; *Booth* v. *R. W. & O. T. R. R. Co.,* 140 N. Y. 267.)

For the foregoing reasons, this motion must be denied. Submit order.