THEODORE YOUNG, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 1344.)

Court of Claims, November 19, 1947.

*Loren W. Lillis* and *Harold E. Blodgett* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David Marcus* of counsel), for defendant.

GREENBERG, J. This is an application made pursuant to subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860) for leave to file a claim sounding in negligence.

The moving papers disclose that on August 30, 1946, while claimant was working on the Pleasant Valley Bridge at Schenectady, he was severely injured as a result of a fall. He was then in the employ of William Koonze, a subcontractor of the General Erectors Inc., engaged in doing repair work on said bridge under a contract with the City of Schenectady. The claim herein is based upon the failure of the State Industrial Commissioner to comply with the provisions of section 240 of the Labor Law, in that after one of the State's inspectors discovered the failure of the contractor to use safety belts **and** proper scaffolding, and had given orders for such compliance,

no further measures were taken by the commissioner's office to prohibit the continuance of said unlawful operations.

In opposition to the claimant's motion, the State attacks the sufficiency of the claim, contending that claimant received workmen's compensation payments within two weeks after the date of the accident, and more than six months having elapsed since such payment and more than one year since the accrual of the claim against the third party (the State of New York), claimant has been divested of his right to bring this claim.

Section 29 of the Workmen's Compensation Law provides:

"1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation * * * pursue his remedy against such other subject to the provisions of this chapter. If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation * * * and in any event before the expiration of one year from the date such action accrues. * * *

"2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation. * * * *"

The six-month provision refers to an award of compensation rather than the receipt of temporary compensation payments. The award of the Workmen's Compensation Board was rendered on July 21, 1947, and this application is made within six months of said date. Accordingly such argument is untenable. (*Moses* v. *Contower Realty Corp.*, 63 N. Y. S. 2d 889, and cases cited; *Nelson* v. *Buffalo Niagara Electric Corp.*, 292 N. Y. 600.)

However, the claimant's application herein is made more than **one year** after the purported cause of action accrued. The

statute clearly states that the action must be commenced "* * * and in any event before the expiration of one year from the date such action accrues." The cause of action, if any, accordingly has passed to the employer or insurer. (*Taylor v. New York Central R. R. Co.*, 294 N. Y. 397; *Grossman v. Consolidated Edison Co.*, 294 N. Y. 39; *Calagna v. Sheppard-Pollak, Inc.*, 264 App. Div. 589; *Skakandy v. State of New York*, 188 Misc. 214; *Duffy v. Thames Trading Co.*, 66 N. Y. S. 2d 579.)

Claimant argues that the short Statute of Limitations contained in section 29 of the Workmen's Compensation Law is tolled by the provisions of section 115 of said statute, which is as follows: "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian."

The affidavit of claimant's physician states that the claimant "was mentally and physically incapacitated for a period of more than ninety days subsequent to the injuries he sustained on August 30th, 1946." The proposed claim discloses that the claimant's "nervous system was completely shocked and affected." Claimant's alleged mental incapacity was not such a disability as was contemplated within the provisions of section 115. The disability intended was such incompetency for which a committee could be appointed under our statutes. (Civ. Prac. Act, art. 81; Rules Civ. Prac., tit. 34.) The wording of section 115 is to be construed as excluding all other cases. *Expressio unius est exclusio alterius*. (*Matter of Cheesman v. Cheesman*, 236 N. Y. 47; *Matter of O'Esau v. Bliss Co.*, 188 App. Div. 385.)

The proposed claim having failed to state facts sufficient to constitute a cause of action in favor of the claimant against the State of New York, the application for leave to file must be denied. (*Apropo v. State of New York*, 252 App. Div. 803; *Chergotis v. State of New York*, 172 Misc. 272, affd. 259 App. Div. 369; *Siegel v. State of New York*, 262 App. Div. 388.)