GEORGE CRAVER, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31674; Motion No. 2323.)

JOSEPHINE O. CRAVER, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31675; Motion No. 2324.)

GEORGE CRAVER, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31674; Motion No. 2323-A.)

JOSEPHINE O. CRAVER, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31674; Motion No. 2323-A.)

Court of Claims, March 14, 1953.

*Philip J. Hutchings* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

LAMBIASE, J. The State of New York has moved in each of the above-entitled claims (Motions Nos. 2323, 2324) for an order dismissing the claim on the ground " that the Court does not have jurisdiction of the subject " and on the further ground " that the claim does not state facts sufficient to constitute a cause of action against the State of New York ".

Claimants have brought on a cross motion (Motion No. 2323-A) pursuant to subdivision 5 of section 10, of the Court of Claims Act for an order permitting each of them to file a claim in the event that the motion of the State be upheld on the ground that the claims as filed have not been timely filed and/or timely served. Claimants concede that unless the claims state a cause of action the cross motions must be denied and the claims must be dismissed. (Claimants' brief, p. 1.)

Claimants allege in their respective claims as filed: that on July 27, 1951, claimant, George Craver's automobile in which claimant, Josephine Craver, was riding was in collision with an automobile operated by one, Eddie Webster, in a negligent and careless manner, and that the collision caused injury and damage to them; that prior to said accident the operator's license and registration privileges of said Eddie Webster had been suspended by the Commissioner of Motor Vehicles of the State

of New York in compliance with his duties set forth in section 94-e of the Vehicle and Traffic Law of the State of New York; that in enforcing the suspension, the commissioner negligently failed to take possession of the suspended license and of the registration certificate as provided in section 94-k of the Vehicle and Traffic Law; that subsequent to said suspension the Commissioner of Motor Vehicles did negligently issue to said Eddie Webster registration plates and a duplicate operator's license in violation of section 94-h of the Vehicle and Traffic Law; and that the injuries and damage sustained by the claimants were occasioned by the negligence of the State of New York through its agent, the Commissioner of Motor Vehicles, and of Eddie Webster without contributory negligence on the part of the claimants.

In considering a motion to dismiss for failure to state a cause of action " Settled rules of construction are to be applied. ' If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.' (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432.) The whole of the pleading must be considered. (*Calvo* v. *Davies,* 73 N. Y. 211, 218.) However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege ' whatever can be implied from its statements by fair and reasonable intendment.' (*Kain* v. *Larkin,* 141 N. Y. 144, 151.) The question for us is whether the requisite allegations of any valid cause of action cognizable by the state courts ' can be fairly gathered from all the averments.' (*Moss* v. *Cohen,* 158 N. Y. 240, 247; *Zabriskie* v. *Smith,* 13 N. Y. 322, 330.) " (*Condon* v. *Associated Hosp. Service of New York,* 287 N. Y. 411, 414.) Applying those principles to the claims as filed we conclude that the allegations thereof do not state a cause of action. (*Paglia* v. *State of New York,* 278 App. Div. 281, affd. 303 N. Y. 821; *Chikofsky* v. *State of New York,* 203 Misc. 646.) Since we have concluded that claimants' claims as filed do not set forth a cause of action against the State of New York, we do not reach the other issue argued by the State of New York, viz.: that the court does not have jurisdiction of the subject of the action because the claims herein have not been timely filed and/or timely served.

A motion brought on pursuant to subdivision 5 of section 10 of the Court of Claims Act for leave to file a claim cannot be granted unless the proposed claim forming part of the moving papers states a cause of action against the State. (*Apropo* v. *State of New York,* 161 Misc. 142, affd. 252 App. Div. 803; *Siegel*

v. *State of New York,* 175 Misc. 515, affd. 262 App. Div. 388; *Chergotis* v. *State of New York,* 172 Misc. 272, affd. 259 App. Div. 369; *Skakandy* v. *State of New York,* 188 Misc. 214, affd. 274 App. Div. 153, affd. 298 N. Y. 886.) In each of the applications herein the proposed claim attached to and forming a part of the moving papers is the same as the claim already filed, which filed claim we have hereinbefore determined does not state a cause of action against the State of New York.

Motions by the State to dismiss each of the above-entitled claims are granted upon the ground that each of the above claims as filed does not state facts sufficient to constitute a cause of action against the State of New York.

Therefore, the cross motion (Motion No. 2323-A) brought on by each of the above-named claimants for permission to file a claim herein must be and hereby is denied upon the ground that the attached claim in each of the applications herein does not state a cause of action against the State of New York.

Submit order accordingly.