ISIDOR O. FELDSTEIN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 2740.)

Court of Claims, November 22, 1954.

*Stanley Bookstein* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David V. Seaman* and *Earl Jones, Jr.,* of counsel), for defendant.

LAMBIASE, J. This application is made for an order to permit the filing of a claim herein after the expiration of the period of time provided therefor by statute. It is made about fifteen months after the happening of the accident alleged in the proposed claim attached to the moving papers.

The gravamen of the claim, as set forth in the proposed claim, is negligence, it being alleged that the State of New York was negligent '' in maintaining a dangerous and defective chair for patients' use at the State's Mount McGregor Veterans' Rest

Home, Saratoga County,'' New York. It is alleged by claimant, in substance, that while he was a patient at said rest home and on June 13, 1953, he seated himself on a chair which, unknown to him, was defective, and that the chair broke under him throwing him to the floor and causing him to sustain the injuries more particularly in said proposed claim set forth.

In his moving papers claimant states, among other things: that the representative of an insurance company, the latter representing the State of New York, interviewed him following the accident; that said representative informed him that the rest home had referred the matter of said accident to his company for adjustment; that said representative offered an amount in settlement which he rejected as inadequate; that at the request of said representative he was X-rayed, and was examined by a specialist; that with reference to the filing of a claim he was told by said representative '' not to worry about it because I had three years within which to file a claim ''; and that '' Although confident that Mr. Bailey was under an honest misapprehension and had no intention whatever to mislead me, only my recent chance meeting and conversation with a Poughkeepsie friend and attorney corrected my impression and led me to retain counsel who advised that this motion be made.'' (Claimant's affidavit.)

Claimant does not in his affidavit attached to the notice of motion herein or anywhere else state the date when he was interviewed by the insurance company representative, and particularly he does not state whether his interview or interviews with said insurance representative were within the ninety days following the date of his alleged accident. However, it does appear from the affidavits submitted on behalf of the State of New York that claimant was not contacted or interviewed by any representative of the State of New York regarding his claim until November 19, 1953, over five months after the date of claimant's alleged accident; and more particularly, it is made to appear therein: that the representative of the insurance company did not see and interview claimant until the 19th day of November, 1953, at which time he was seen by said representative at the office of said representative in the city of Poughkeepsie, New York, and that prior to that day said representative had not been acquainted with and had not known claimant. It is also made to appear by the affidavit of the said representative: that neither in words nor in substance did he ever state or indicate to claimant that he had three years within which to file a claim against the State of New York; that the first notice

that the State of New York ever received of claimant's alleged accident was on the 16th day of October, 1953, and that the first notice of said accident to the insurance company was by letter dated October 16, 1953, from the superintendent of the rest home.

Upon the return day of the motion, in the light of the answering affidavits of the State of New York, claimant's counsel requested and we gave him two weeks' time or such part of such time as was needed within which to file and to serve any additional moving papers on behalf of the claimant setting forth the date or dates on which claimant alleges he was interviewed by the insurance company representative. On October 29, 1954, and prior to the expiration of the two weeks' time hereinbefore referred to, we were advised by letter of claimant's attorneys that: '' Inquiry of our client has failed to produce information sufficient to warrant the filing of an affidavit. It is impossible for him to recall accurately and he has no records to dispute Mr. Bailey's affidavit. We are, therefore, obliged to consider the matter submitted as is.'' We are considering said letter as part of the moving papers herein, and it is being filed with the motion papers upon this application.

The granting of relief upon an application of this kind is addressed to the sound discretion of the court. (Court of Claims Act, § 10, subd. 5.) The requirements for the exercise of the discretion by the court are considered in *McMahon* v. *State of New York* (173 Misc. 1004, affd. 261 App. Div. 879); *Marriott* v. *State of New York* (196 Misc. 454); *Chergotis* v. *State of New York* (172 Misc. 272, affd. 259 App. Div. 369); *Skakandy* v. *State of New York* (188 Misc. 214, affd. 274 App. Div. 153, affd. 298 N. Y. 886); *Siegel* v. *State of New York* (262 App. Div. 388), and *Schroeder* v. *State of New York* (252 App. Div. 16, affd. 276 N. Y. 627).

Assuming *arguendo* and for that purpose only that claimant was told by the representative of the insurance company that he had three years within which to file his claim after the happening of his alleged accident, it stands uncontradicted that the earliest date on which said representative could have told him so was on November 19, 1953, a date well beyond the period of ninety days for filing provided for by the statute (§ 10, subd. 3), and, therefore, immaterial to the issue on this application and unavailing to claimant herein. Under the circumstances it is obvious that it could not have interfered with and it did not prevent the filing of an intention to file a claim or of a claim herein.

Furthermore, it is not alleged and there is nothing to indicate that claimant, during the ninety days following the happening of the alleged accident, was physically or mentally incapable of seeking counsel as to his rights. On the contrary, it would appear that he was aware of his rights, for it is his contention that he did not file because of the alleged statement as hereinbefore set forth of the insurance company representative.

We conclude that claimant has not met his burden of presenting a reasonable excuse as the same has been interpreted in adjudicated cases for his failure to timely file, and there is, therefore, no legal basis for the exercise of our discretion. In the light of the foregoing, we do not discuss any of the other requirements for the granting of the relief herein requested or any other argument advanced by the State of New York for the denial of this application.

The motion is in all respects denied.

Submit order accordingly.