Charles T. Major, J.
This claim was filed to recover an alleged balance due for work, labor and services performed at Woodbourne Correctional Institution at Woodbourne, Sullivan County, New York.
In the fall of 1952, claimant was one of several individuals who submitted estimates for rewiring, installing and completing an electric public address system in Woodbourne Institution for mentally defective delinquents. Claimant’s estimate was in writing, strictly on a labor basis showing the number of hours' needed for the job and rates per hour. This estimate could not be found and was not produced at the trial by either party. Estimates of other estimators were oral. There was no public bidding and no contract was awarded for such work. There was no emergency at the institution.
In March, 1953, officials of the institution and claimant held a conference and, by oral agreement, claimant and his crew of workers were employed as temporary employees on an hourly basis, to make such installation. Claimant assured the State representative that the total cost would not exceed the budget item of $3,960.
Claimant and his two associates accepted this employment, proceeded to do the work, and individually signed the payroll sheets at the end of each payroll period. These payrolls were approved by the superintendent of the institution, Civil Service Commission and paid by the State Comptroller. The checks issued in payment thereof were accepted by the respective individuals in full payment for the period covered.
The State made no contract with claimant to pay him a total sum of $3,960. The job did not take the number of hours anticipated in claimant’s original estimate, which had been used only as a guide by the parties.
Claimant’s contention of an agreement whereby he was to receive $3,960 as a lump sum for the job, with payment on a payroll basis as a subterfuge or means of avoiding the requirements of the law, has not been established by the weight of evidence. In any event, such an agreement or arrangement would be contrary to public policy and unenforcible. Section 112 of the State Finance Law, in part, states: “Before any contract made for or by any state department, board, officer, commission, or institution, or by a railroad corporation for grade crossing eliminations shall be executed or become effective, when such contract exceeds five hundred dollars in amount, it shall first be approved by the comptroller and filed in his office.” There was no compliance with this section and, therefore, no contract. (Long Island R. R. Co. v. State of New York, *100 185 Misc. 646, 648; Belmar Contr. Co. v. State of New York, 233 N. Y. 189, 194; New York Central R. R. Co. v. State of New York, 183 Misc. 815.)
The claimant has been fully compensated, and the State is not indebted to him.
The claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)