(16 Misc. Rep. 92.)

PEOPLE ex rel. ANDRUS v. BOARD OF AUDITORS OF TOWN OF CHAMPLAIN.

(Supreme Court, Special Term, Saratoga County. January 27, 1896.)

1. SHERIFFS AND CONSTABLES—COMPENSATION—TRANSPORTING PRISONERS.
    Laws 1847, c. 497, § 3, requiring sheriffs to render accounts for their services in transporting convicts to the several state prisons and houses of refuge, applies only to convicts adjudged to be such in a court of record, and not to juvenile delinquents sentenced by a magistrate or justice of the peace.

2. SAME—APPOINTMENT OF DEPUTY—RESIDENCE.
    1 Rev. St. p. 102, § 15, relating to public officers, declares that a sheriff is a local officer, so far as to require his residence in the county in which the duties of his office ought to be executed. Page 379, § 73, authorizes every sheriff to appoint as many deputies as he may think proper. Page 117, § 7, provides that a deputy shall have the power and perform the duties attached by law to the office of his principal during a vacancy in such office, and during the absence of the principal. Page 122, § 34, subd. 4, provided that a local office shall become vacant if the incumbent ceases to be an inhabitant of the county, district, etc., for which he was chosen. Held, that a person cannot be appointed a deputy sheriff for a county other than that in which he resides.

Application by Eugene A. Andrus for a writ of mandamus to compel the board of auditors of the town of Champlain, Clinton county, to audit a claim presented by relator for services rendered in making an arrest as a deputy sheriff. Judgment for defendant.

Chas. B. Andrus, for relator.
Wilmer H. Dunn, for respondent.

KELLOGG, J. This is an application for a writ of mandamus against the board of audit of the town of Champlain, requiring it to reconvene and audit the claim presented by the relator to the said board at its last meeting in 1895. Several questions are raised by this application. It is not disputed that it was the duty of the board of audit to audit and allow all proper claims made against the said town, as provided by section 165 of chapter 458 of the Laws of 1893. That section makes the fees of magistrates and other officers, for services in criminal proceedings tried before a magistrate of the town where the offense is charged to have been committed, a charge against said town. All fees, however, of officers and magistrates, in the trial of offenses committed in other

towns, are not chargeable against the town where the action is tried. It does not appear, in the claim presented by this relator, where the crime was committed, or what, in fact, the crime was; and it cannot be presumed to have been committed in the town of Champlain, so as to form a basis of a claim for services against that town. Chapter 254 of the Laws of 1859 does not appear to have been repealed, and must be taken to govern, so far as the transportation of juvenile delinquents to the house of refuge is concerned; and such charges for transportation, fixed by the supervisors of the county, may be a charge against the county itself, or against the town where the offense was committed. The provisions of section 3 of chapter 497 of the Laws of 1847, while not repealed, apply, I think, only to convicts adjudged to be such in a court of record, and do not apply to juvenile delinquents sentenced by a magistrate or justice of the peace.

The more serious objection to the claim of plaintiff arises from the fact that he does not appear to have been, at the time these services were rendered, either a town officer, or a county officer of the county of Clinton. The only information to be obtained upon that point is the affidavit of the relator attached to the said claim, verified on the 22d day of October, 1895, in which the relator and claimant says that he is a resident of the town of Saratoga Springs, in the county of Saratoga, and that he is a deputy sheriff of the county of Clinton. That the sheriff of the county of Clinton has no authority to appoint a deputy residing in any other county, and continuing to reside in any other county, than the county in which the sheriff resides, seems to me too plain to admit of argument. A bare reading of the statutes ought to suffice to carry conviction upon this proposition. Section 15, c. 5, tit. 1, of the Revised Statutes, relating to public officers of the state, provides:

"The following officers, namely: sheriffs, clerks of counties, coroners, district attorneys, marshals of cities, the clerk of the court of oyer and terminer and general sessions in New York, the registrar and clerk of that city, the police justices and assistant justices in that city and their clerks, are so far local as to require the residence of every person holding office within the county or city in which the duties of his office are required by law to be executed."

Section 73 of article 5, c. 12, of the Revised Statutes, relating to sheriffs, etc., reads:

"Sec. 73. Every sheriff may appoint such and so many deputies as he may think proper, and persons may also be deputed by any sheriff or any deputy sheriff by an instrument in writing to do particular acts."

Section 7 of chapter 5, pt. 1, tit. 6, of the Revised Statutes, being general provisions applicable to all civil officers of the state, provides:

"Sec. 7. In all cases not otherwise provided for each deputy shall possess the power and perform the duties attached by law to the office of his principal during a vacancy in such office and during the absence of his principal."

Subdivision 4 of section 34 of article 4, c. 5, of the Revised Statutes, relating to resignations, vacancies, removals, etc., provides as follows:

"Sec. 34. Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office. * * * (4) His ceasing to be an inhabitant of the state, or, if the office be local, of the district, county, town or city for which he shall have been chosen or appointed, or within which the duties of his office are required to be discharged."

That the office of sheriff and that of deputy sheriff are local seems to be fixed by statute. If it needed any statutory determination to convey the meaning of a "local office," such has already been determined by section 15, hereinbefore referred to. Section 119 of chapter 272 of the Laws of 1892 seems to prohibit the appointment by a sheriff of any person not a citizen and resident of the state of New York, and a resident of the same county as the sheriff or other officer making such appointment, and prohibits all persons from assuming to exercise the functions of such sheriff who are not so resident of the county in which the sheriff resides. It can hardly be argued, I think, with any degree of force, since a sheriff must, of necessity, under the law, be a resident of the county in which he is sheriff, that he may appoint deputies residing in other counties throughout the state, who may exercise all the functions of the sheriff himself, both civil and criminal. This idea is so repugnant to our understanding of the intention of the law to make local officers residents of the locality in which they officiate, that without a special statute giving authority to the sheriff to establish deputies, to discharge his duties, resident all outside of the limits of his county, I think the court must hold that there is no ground, in reason or analogy, upon which to base the suggestion of such absolute and unreasonable power. I find no provision of the statute authorizing or creating any such power in the sheriff, and every statute on the subject is opposed to the idea that any such power exists in the sheriff. I must, therefore, hold that the appointment by the sheriff of the county of Clinton of the relator in this case—being then, and still continuing to be, a resident of the county of Saragota—was wholly unauthorized, and that he was not at the time of making the arrest set forth in his claim an officer authorized to make such an arrest, or to make any charge against the town of Champlain, or receive any fees, for services in any criminal proceeding in said town.