EVA ISEREAU, as Administratrix of the Estate of MARY F. DAILEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31927.)

EVA ISEREAU, as Administratrix of the Estate of GEORGE DAILEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31936.)

RAYMOND S. WALKER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31928.)

WILLIAM J. FARLEY, JR., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31929.)

Court of Claims, November 3, 1954.

*Brown, Mangin & Greene* for claimants.

*Nathaniel L. Goldstein, Attorney-General,* for defendant.

LAMBIASE, J.  In the first two above set forth claims movant has moved (1) for an order excusing the claimant's failure to serve a copy of the afore-mentioned claim upon the Attorney-General of the State of New York; or (2) for an order permitting the claimant to serve such claim upon the Attorney-General; and (3) for such other and further relief as to this court may seem just and proper.  In the last two above set forth claims movant has moved only for the relief set forth at two and three above.  The State of New York has filed and served no answering papers and has made no cross motion.

All four claims arise from the same facts and situation, and are predicated upon the same principles and rules of law.  The claims have been filed in the office of the clerk of the Court of Claims, and the issue of the timeliness of such filing has not been raised herein.  However, movant in each case did not make service upon the Attorney-General of the State of New York.  Service upon such officer of the State was made by the office of the clerk of this court.  (Court of Claims Act, § 11.)

The above claims may be divided into two groups, viz., one group comprised of the two death claims (*Isereau* v. *State of New York,* Claim No. 31927; *Isereau* v. *State of New York,* Claim No. 31936) in which claims the administratrix was appointed on the 11th day of May, 1953 and on the 18th day of June, 1953 respectively; and the other group comprised of the *Walker* and *Farley* claims where claimants individually are suing for their injuries.

Subdivisions 2 and 3 of section 10 of the Court of Claims Act, now read and at all times in the claims as filed with the clerk of the court, in pertinent part, read as follows: "2. A claim by an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the state by which the decedent's death was caused, shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent. 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim."

Section 11 of the Court of Claims Act now reads, and at all times in the claim as filed with the clerk of the court in pertinent part read, as follows: "The claim or notice of intention shall be filed with the clerk of the court and a copy shall be served upon the attorney-general within the times hereinbefore provided for filing with the clerk of the court. However, the claimant's failure to serve such copy upon the attorney-general may be excused by the court if the clerk of the court shall have delivered a copy thereof to the attorney-general within the time required."

It appears that in each of the death claims the Attorney-General of the State of New York was served on June 24, 1953, by the office of the clerk of this court, ninety-four days after the event set forth in the claims. Said date, however, was well within ninety days from the appointment of the administratrix in each of said claims. Such being the case, pursuant to section 11 aforesaid, claimants' failure in such claims to serve a copy of the claim upon the Attorney-General may be and hereby is excused, and an order may be submitted excusing such failure. In the light of the foregoing movants' motion for the remainder of the relief hereinbefore set forth must be and hereby is denied solely for the reason that the relief asked for is unnecessary.

A different question is presented in each of the claims of *Walker* v. *State of New York* (Claim No. 31928) and *Farley* v.

*State of New York* (Claim No. 31929), in each of which the claimant therein named is suing individually. The service on the Attorney-General made by the clerk of the Court of Claims in each of said claims was late, not having been made within ninety days after the accrual of the claim. This service by the clerk of the court is permissive (Court of Claims Act, § 11). It is not mandatory upon the clerk to make it. The obligation therein to make service upon the Attorney-General is jurisdictional and rests on the claimant. However, subdivision 5 of section 10 of the Court of Claims Act permits us to entertain these motions, and under proper circumstances and upon adequate showing, to exercise discretion and to grant the relief asked for. The requirements for the exercise of the discretion by the court are considered in *McMahon* v. *State of New York* (173 Misc. 1004, affd. 261 App. Div. 879); *Marriott* v. *State of New York* (196 Misc. 454); *Chergotis* v. *State of New York* (172 Misc. 272, affd. 259 App. Div. 369); *Skakandy* v. *State of New York* (188 Misc. 214, affd. 274 App. Div. 153, affd. 298 N. Y. 886), and *Siegel* v. *State of New York* (262 App. Div. 388). Without considering any of the other requirements, we pass at once to that which requires that the claim or notice of claim must allege a cause of action against the State of New York.

It is alleged in the *Farley* and *Walker* claims, paragraph 2 in pertinent part, that: " 2. The nature of the claim of William J. Farley, Jr. against the State of New York is the misfeasance, nonfeasance, negligence, neglect and omission of duty of the State of New York by its duly constituted and authorized agent, the sheriff of, and the sheriff's department of, Onondaga County, its deputies, agents, servants and employees. That at all the times hereinafter mentioned the sheriff and the sheriff's department of Onondaga County, together with its deputies, agents, servants and employees, had been duly designated by the State of New York, as the conservator of the peace within Onondaga County, and had been designated as the agent of the State of New York for the exercise of the police power of the State of New York within Onondaga County." (*Farley* Claim.)

The State of New York has waived immunity from liability and has conferred jurisdiction upon the Court of Claims to entertain claims for damages caused by the " torts of its officers or employees while acting as such officers or employees, providing the claimant complies with the limitations of this article." (Court of Claims Act, §§ 8, 9.) Therefore, the claim herein does not state a cause of action against the State of New York unless we are to hold that the " sheriff of, and the sheriff's

department of, Onondaga County, its deputies, agents, servants and employees '' are State officers or employees. We are unable to so hold.

Though the office of Sheriff is organized under the authority of the State, a Sheriff is classified as a local officer and not as a State officer. He performs, of course, public duties, but he belongs to the class of local officers. (*Matter of Winkler* v. *Sheriff of Queens Co.*, 256 App. Div. 770; *People ex rel. Fallon* v. *Wright*, 150 N. Y. 444, 448; Public Officers Law, § 2; *People ex rel. Andrus* v. *Board of Auditors of Town of Champlain*, 16 Misc. 92.) His general duties are prescribed by section 650 of the County Law. He is an elected county officer. (County Law, § 400, subd. 1; *Enstrom* v. *City of New York*, 258 App. Div. 672; *Matthews* v. *City of New York*, 258 App. Div. 672.) He appoints an undersheriff and deputy sheriffs. (County Law, § 652.) The fact that he may have acted through his deputies does not change the situation for of necessity he must act through them in most instances, and he and they are considered as one and the same officer. (Public Officers Law, § 9. *Broschart* v. *City of New York*, 166 Misc. 515, affd. 255 App. Div. 776.)

In the light of the foregoing, to grant permission to serve the Attorney-General in each of the *Farley* and *Walker* claims would, under the circumstances, be a futile act since, as we have hereinbefore stated, in our opinion said claims as filed with the clerk of this court do not state a cause of action.

The motion, therefore, as made in *Walker* v. *State of New York* (Claim No. 31928) and in *Farley* v. *State of New York* (Claim No. 31929), for an order permitting the claimants in each of said claims to serve a copy of the claim upon the Attorney-General of the State of New York must be and hereby is denied.

Submit separate order accordingly in each of the above-entitled claims.