admitting the will to probate and permitting the petitioner to file objections thereto. All concur. (Appeal from an order of Livingston Surrogate's Court denying petitioner's application to vacate a decree admitting the alleged will of decedent to probate and for leave to file objections.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ EDITH WHALEY, Appellant, v. BEVERLY J. GRIDLEY, Respondent.— Order affirmed, with $10 costs and disbursements. (See *Swiatlowski* v. *Kasprzyk*, 3 A D 2d 261.) All concur. (Appeal from an order of Onondaga Special Term granting defendant's motion for a physical examination of plaintiff before trial and denying plaintiff's cross motion for a denial of such physical examination or in the alternative that the examining physician's report be submitted to plaintiff through her attorneys.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ EMORY RICHARDSON et al., Appellants, v. CITY OF LOCKPORT, Respondent.— Order modified as matter of discretion by granting leave to plaintiffs to serve an amended complaint if so advised, within 20 days after service of a copy of the order herein with notice of entry, and as so modified affirmed, with $10 costs and disbursements to the plaintiffs. Memorandum: The complaint was properly dismissed for legal insufficiency. It failed to allege compliance with the condition precedent to the commencement of the action contained in defendant's charter, as amended by Local Law No. 1 of the City of Lockport of the Local Laws of 1955. The validity of such a local law is now established (*Fullerton* v. *City of Schenectady*, 285 App. Div. 545, affd. 309 N. Y. 701; *Ellis* v. *City of Geneva*, 259 App. Div. 502, affd. 288 N. Y. 478). Plaintiffs contend, however, that the complaint is sufficient because it appears therein that the defendant city was the owner of land abutting the sidewalk and operated a city hospital located thereon. It is also claimed that the allegations of the pleadings are sufficient to charge the municipality with active negligence both in its capacity of abutting owner and maintainer of the city sidewalks. We are unable to so construe the pertinent paragraph of the complaint but in the light of plaintiffs' claims the order should be modified to permit plaintiffs to serve an amended complaint. All concur. (Appeal from an order of Erie Special Term dismissing plaintiffs' complaint and directing judgment of dismissal, in an action to recover damages for personal injuries alleged to have been sustained by reason of falling on an icy sidewalk.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ LAWRENCE E. BEST, an Infant by EDWARD J. BEST, His Guardian ad Litem, et al., Appellants, v. WILLIAM E. ARMSTRONG, Respondent.— Judgment and amended judgment affirmed, without costs of this appeal to any party. All concur. (Appeals from a judgment and amended judgment of Erie Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. J. B. GOREE, Appellant.— Order affirmed. All concur. (Appeal from an order of Erie Special Term denying defendant's motion to set aside the verdict of the jury and the sentence rendered thereon, and for a new trial.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ JAMES E. DAVIS, Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Niagara Trial Term for plaintiff in a negligence action.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ RAYMOND S. WALKER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31928.) — Order affirmed, without costs of this appeal to

either party. All concur. (Appeal from an order of the Court of Claims denying claimant's motion for permission to serve his claim on the Attorney-General.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ WILLIAM J. FARLEY, JR., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31929.) — Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of the Court of Claims denying claimant's motion for permission to serve his claim on the Attorney-General.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON A. SZEFC, Appellant.— Judgment of conviction reversed on the law and a new trial granted. Memorandum: Portions of the charge were prejudicial to defendant. It gave a clear indication of the Judge's opinion as to the guilt of defendant. Further, the court failed properly to charge as to section 393 of the Code of Criminal Procedure in regard to defendant's taking the stand. All concur. (Appeal from a judgment of Erie County Court convicting defendant of the crimes of attempted rape, first degree, and assault, second degree.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ In the Matter of the Election of a Director and Officers of WILLIAMS BROTHERS COMPANY. FRANK J. MAGUIRE et al., Appellants; ROBERT A. WILLIAMS et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ. [See ante, p. 693.]

■ GUSTAV ERBE, JR., et al., Individually and as Administrators C. T. A. of FREDERICK G. ERBE, Deceased, et al., Appellants-Respondents, v. LINCOLN ROCHESTER TRUST COMPANY et al., Respondents-Appellants.— Motion to amend order entered May 16, 1956, granted and order amended nunc pro tunc by striking therefrom the words "and facts" and inserting in place thereof the words "and not in the exercise of any discretion," so that the ordering clause thereof shall read "reversed on the law and not in the exercise of any discretion." Present — McCurn, P. J., Kimball, Williams and Bastow, JJ. [See 2 A D 2d 247, 829.]

■ MORTIE B. BERGER, Respondent, v. HARRIET B. BERGER, Appellant, et al., Defendant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals or for other relief denied in all respects. Present — McCurn, P. J., Vaughan, Williams and Bastow, JJ. [See 2 A D 2d 423.]

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HADLEY, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion to appeal on original papers denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN A. NICOLL and IRVAN A. FREDERICKS, Appellants.— Motion under subdivision 2 of section 344 of the Code of Criminal Procedure to remove the above-entitled action from the County Court in Herkimer County to a term of the Supreme Court in another county, granted, and trial removed from Herkimer County Court to the Supreme Court of Onondaga County. We are satisfied from the moving papers that a fair and impartial trial cannot be had in the county where the indictment is pending. Order entered designating Hon. FRANK DEL VECCHIO to preside at a term of court fixed by the Justices of this court to commence on the 8th of April, 1957.