Bebnabd íuYAisr, P. J.
Dorothy Weinstein was the owner of an automobile which on January 17, 1958, in her absence but with her consent, was driven by her husband, Simon Weinstein. The automobile was in collision with a vehicle to which was attached a snowplow. The damage to the automobile has been stipulated at $428.18. The vehicle with the snowplow was owned by the Thruway Authority and was operated by its employee.
On April 15, 1958 Dorothy Weinstein caused to be filed with the Clerk of the Court of Claims a verified document purporting to be a claim against the New York State Thruway Authority. This- document recited the foregoing facts and also stated the particular place where the collision occurred.
An examination of the document discloses that it is merely an assertion of a claim similar to that which would be given to a municipality under section 50-e of the General Municipal Law. There is in the document no allegation of negligence on the part of the Thruway Authority and no allegation that the claimant was free from contributory negligence. In any view of its recitals the most that can be said for it is that it is a notice of intention to file a claim. No claim containing allegations necessary to state a cause of action was ever filed by Dorothy Weinstein. The 90" days made available to her by subdivision 3 of section 10 and section 11 of the Court of Claims Act to file such a pleading has long since passed.
We are aware that the title to a pleading is not the determinative factor in considering how it should be construed. (Chalmers & Son v. State of New York, 271 App. Div. 699, affd. 297 N. Y. 690 [1947].) In that ease a paper called a notice of intention was construed to be a claim against the State, i.e., a proper pleading in the nature of a complaint. It alleged the backing up of Barge Canal waters and the overflow upon claimant’s property, the canal being in the control of the State. The nature of the action was in trespass. On the other hand the document here before us, while entitled notice of claim, does not meet the test of a good and sufficient pleading. (Apropo v. State of New York, 161 Misc. 142 [1936], affd. 252 App. Div. 803; Grant v. State of New York, 192 Misc. 45 [1948].)
*505 However, through clerical error the document was given a claim number and assigned a calendar number and the claimant, by her attorney, came before the court upon the trial of the claims of George M. Templeton, No. 35491 and Simon Weinstein, No. 35492. The said persons were, respectively, the passenger in Dorothy Weinstein’s automobile at the time of the collision and her husband, the driver thereof. Although the Attorney-General did not avail himself of any motion addressed to the pleading, or to strike the alleged claim from the calendar, or any other remedies which he might have used, this court nevertheless is confronted with the fact that Dorothy Weinstein is not properly before it as a claimant. During the trial of the issues the court called the attention of counsel for Dorothy Weinstein to this situation but he made no move to remedy it. What claimant’s counsel did do upon the trial was stated as follows: “ There is one thing I have in mind, that is, the motion on my part to amend our notice of claim to conform to whatever might be offered in here in reference to the adequacy or presence or lack of presence of signs. Our notice of claim is based strictly on the operation of the vehicle, and I would like to at some time during this proceeding move to amend it to conform to the proof.” To this the trial deputy objected upon the ground that: ‘ ‘ The claim for any liability upon the Thruway Authority for the operation of the signs or maintenance of the signs is a separate claim or cause of action which accrued more than ninety days prior to the filing of this, or the action. Now, your Honor, I think it is barred by the lapse of time and that amendment goes to the essential claim against the State.” [Nie.]
The court sustained the trial deputy’s position and denied the motion. There ensued silence on this subject.
This court has now rendered its decision in the claims of Templeton, No. 35491, and Weinstein, No. 35492, both of whom joined the State of New York with the Thruway Authority as defendants. (Formal findings and conclusions of law filed Sept. 8, 1960. No opinion for publication.) In its decision this court has found that the State of New York and the New York State Thruway Authority were joint tort-feasors with respect to negligence in failing to post adequate signs and are jointly liable therefor. The court has further found that the New York State Thruway Authority is singly liable for the negligent operation of the vehicle. The court has found that both Templeton and Weinstein were free from contributory negligence. Awards have been made accordingly for the personal injuries sustained.
*506 Since Dorothy Weinstein did not pursue her notice of intention by the filing of a proper pleading within the period of time prescribed by statute and since no attempt to remedy the situation was made upon the trial, the court has no jurisdiction of any claim by her and she cannot recover herein. An order may be entered accordingly.