■ MARIA SANTAGATA, Respondent-Appellant, v. ALFONSE L. SANTAGATA, Appellant-Respondent.— In an action for separation, the defendant husband appeals from a judgment of the Supreme Court, Kings County, dated August 15, 1968, which, *inter alia*, granted plaintiff a judicial separation on the ground of cruel and inhuman treatment, dismissed defendant's affirmative defenses, granted plaintiff custody of the infant child of the marriage, and awarded her $50 a week alimony, $100 a week support for the infant and a $2,500 counsel fee; and the plaintiff wife cross-appeals, as limited by her notice of appeal and her brief, from so much of the judgment as thus limited the awards of alimony, support and counsel fee and failed to grant her request for possession of household furnishings. Judgment modified, on the law and the facts and in the exercise of discretion, by striking from the fourth decretal paragraph the figures $150 and $100 and substituting therefor the figures $125 and $75, respectively, so that defendant shall be required to pay plaintiff $125 weekly, $50 thereof for her support and $75 for the child's support. As so modified, judgment affirmed, without costs. In light of all the facts disclosed by this record, we are of the opinion that the weekly award of child support was excessive to the extent indicated. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ NORMA SCHMUCKLER, Respondent, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, Appellant.— Order of the Supreme Court, Kings County, dated September 20, 1968, reversed, on the law, with $10 costs and disbursements; defendant's motion for summary judgment granted; and plaintiff's cross motion to dismiss defendant's first affirmative defense denied. This action to recover upon a contract of insurance was commenced in July, 1967. The complaint alleges that defendant, a domestic mutual insurance association, insured plaintiff's husband in 1937 in the sum of $5,000 against the accidental loss of his life and that, though he died on June 30, 1963 as the result of an accident, defendant has refused payment of that sum to plaintiff, the insured's beneficiary. The answer admits the insurance but alleges that prosecution of the action is barred by the insurance policy's provision prohibiting the commencement of the action more than 12 months after the date of the accident causing the insured's loss of life. In our opinion, the legality of the limitation period thus provided was determinable by the law as it existed at the time of the issuance of the policy and hence prosecution of the action is barred (*Shichman* v. *Commercial Travelers Mut. Acc. Assn.*, 179 Misc. 761, 764, affd. 267 App. Div. 389; *Nigro* v. *Commercial Travelers Mut. Acc. Assn.*, 268 App. Div. 442, mot. for lv. to app. den. 294 N Y 643). If, as plaintiff argues, section 164 (subd. 3, par. [A], cl. [11]) of the Insurance Law is applicable to the policy, her action is nevertheless time-barred (see Insurance Law, § 143, subd. 1; § 164, subd. 3, par. [B], cl. [9]). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ · HELEN SUDAKIN et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In a negligence action to recover damages *inter alia* for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated July 24, 1968, which granted plaintiffs' motion for leave to file a late notice of claim and to serve an amended complaint. Order reversed, on the law and the facts, without costs, and motion denied. Plaintiff failed to comply with the requirements of subdivision 1 of section 1276 of the Public Authorities Law and section 50-e of the General Municipal Law (*Conroy* v. *Long Is. R. R.*, 31 A D 2d 834). They further failed to commence this action with the one-year limitation of time (Public Authorities Law, § 1276, subd. 2; *Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach*, 301 N. Y. 233). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.