OPINION OF THE COURT
Jeremiah J. Moriarty, J.
Quoting from the notice of motion, claimant moves "for an Order permitting the above named claimant to file the annexed proposed Notice of Intention to File Claim in accordance with Subdivision 5 of Section 10 of the Court of Claims Act”. The appropriate section for consideration of this motion is subdivision 6 of section 10, and we will consider the motion as brought under that subdivision.
In order to exercise our discretion to allow a late filing, two threshold requirements must be satisfied.
First, the motion must be brought prior to the running of the Statute of Limitations pursuant to CPLR article 2 of a like claim against a citizen of the State. The moving papers indicate that claimant contends she was injured on the premises of the State University College at Buffalo, New York, on May 7, 1977. Unquestionably, the three-year Statute of Limitations for an action for personal injuries (CPLR 214, subd 5) has been satisfied for the purposes of this application.
*633 Secondly, the claim proposed to be filed containing all of the information set forth in section 11 of the Court of Claims Act, must accompany the application. Since claimant requests permission to file a late notice of intention to file claim, rather than a late claim, the proposed pleading annexed to the papers does not comply, at least insofar as it is designated, with the strict wording of subdivision 6.
On the oral argument, claimant’s counsel urged, and later submitted a memorandum of law in support of her argument, that a motion to file a late notice of intention to file claim is authorized under a liberal reading of subdivision 6. This issue so raised by claimant’s counsel is one of first impression with this court, and raises serious questions as to the interpretation of the statute that has been in effect a little more than one year. We have carefully examined and considered the annexed "Proposed Notice of Intention to File Claim” (hereinafter called notice) to determine if, under the authority of Chalmers & Son v State of New York (271 App Div 699), the notice might be treated as a claim, and the legal question raised by counsel obviated.
It is this court’s conclusion that, upon a most liberal reading of the notice, it does not merit consideration as a claim. We do not base this determination upon the objections raised by the Attorney-General in his answering affidavit: to wit, a lack of a schedule of items of damages and a sketch pursuant to Court of Claims rules numbered 9 and 24, respectively. (22 NYCRR 1200.10, 1200.25.) It is this court’s view that these deficiencies are merely procedural and do not negate consideration of the document as a claim. Furthermore, the schedule and sketch are required by rule rather than statute, and it is the statutory requirement of section 11 of the Court of Claims Act, rather than the regulatory requirements of the rules, which must be complied with, pursuant to subdivision 6 of section 10, in considering this motion.
A defect of a more substantial and substantive nature appears upon the face of the notice which is fatal to its consideration as a claim. In an attempt to comply with the requirements of section 11 that "The claim shall state the time when and place where such claim arose, the nature of same”, the notice alleges: "On May 7, 1977, I was at the State University College at Buffalo, New York for a conference on autism. Between approximately 8:30 and 9:00 a.m., I was descending a curb behind the Health Building when my heel *634 caught on a deteriorated area and I fell forward breaking my right wrist on impact.”
The notice goes on to state the items of damages and the total sum claimed as is required of a claim, pursuant to section 11.
Glaringly absent from the paper denominated "proposed notice of intention to file claim” is any allegation or legal theory upon which the cause of action can be considered to have been stated. There is nothing in the notice which alleges any act or omission attributable to an agent or employee of the State of New York, which can be said to have caused the deteriorated condition of the curb upon which claimant allegedly fell. Nor is there any indication in the paper of a legal theory (e. g., negligence, strict liability, intentional tort) upon which the putative claim is based. Although the precise wording of section 11 does not appear to require that a claim state a valid cause of action, the cases are clear that without such a statement a claim is legally deficient and subject to fatal attack. (Patterson v State of New York, 54 AD2d 147; Davis v State of New York, 28 AD2d 609; Weinstein v New York State Thruway Auth., 27 Misc 2d 503.)
This court, as well as the defendant, is left to speculate as to the matters omitted from the notice. We are therefore unable to consider the number of factors which we are required to consider pursuant to subdivision 6 of section 10 upon a motion to file a late claim: such as whether the proposed claim has merit, and the availability of an alternative remedy. If we were to proceed to treat the notice as a claim, despite these deficiencies, and grant the motion, the State would be presented with a purported pleading which it must answer (Court of Claims Rule 13 [22 NYCRR 1200.14]), and to which an answer quite obviously cannot be framed. Of course, the appropriate response of the Attorney-General when presented with such a purported claim would be a successful motion to dismiss, which would leave the claimant herein right back where she started when this motion was brought.
The court therefore finds that it would not only be improper (Patterson v State of New York, supra), but futile as well, to treat the notice as a claim and allow it to be late filed.
Having determined that the notice cannot be treated as a claim for the purpose of disposing of this motion, the court is squarely faced with the question of whether or not the motion to file a late notice of intention to file a claim, rather than a late claim, is authorized under the provisions of *635 subdivision 6 of section 10. The first sentence of that section states as follows: "A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the claim or notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” (Emphasis supplied.)
It can be readily seen that although the Legislature made mention of "claim or notice of intention” twice within this sentence, in its grant of discretion to the Court of Claims to permit late filing it referred only to "such claim” and omitted any reference to notice of intention. Obviously, a strict reading of the statute reveals that this court lacks any discretion whatsoever to permit the filing of a late notice of intention to file claim, as opposed to a claim.
We are aware of no reported decision which has dealt with the question hereby presented. Recently, our learned colleague, Judge Leonard Silverman had occasion to comment upon this precise question. In Arthur v State of New York (Motion No. M-19490) Judge Silverman observed: "Nevertheless, we see no practical reason nor do we believe that there was any legislative intent to distinguish applications for leave to file late notices of intention from leave to file late claims, and we so hold.”
After careful consideration of the question and lengthy deliberation thereon, this court, for the reasons hereinafter stated, finds itself in disagreement with Judge Silverman’s conclusion, and we respectfully decline to follow his lead.
We begin by noting that there is a clear legal distinction between the notice of intention to file a claim and a claim which transcends the statutory distinction contained in section 11 of the Court of Claims Act. The only distinction drawn in section 11 is that "The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated.” (Emphasis added.) The distinction between the two, rather, goes to the purposes of each document and the uses to which they are put.
The purpose of the requirement that a claim or notice of intention to file claim be filed with the clerk of this court and served upon the Attorney-General within 90 days of the *636 accrual of the claim for damages for personal injuries "is to place the State in a position to have an investigation of the claim against it made by the proper officials and the State’s defense prepared.” (Petronis v State of New York, 170 Misc 223, 225.)
Although either document will suffice to provide appropriate notice to the State if it is timely served and filed, the claim serves an additional purpose which is not served by notice of intention. The claim is the document upon which, after adequate proof of the allegations contained therein, damages can be awarded upon the cause of action asserted. (See, in this regard, Weinstein v New York State Thruway Auth., 27 Misc 2d 503, supra, and Patterson v State of New York, 54 AD2d 147, supra.)
While both the claim and the notice of intention serve a uniform purpose of providing early notice to the State of the fact that a cause of action against it may exist, the claim additionally serves as the pleading upon which issue may be joined, and appropriate relief by way of monetary damages granted, if adequate proof at trial is presented.
Although it is clear that a claim, to be legally sufficient, must state a valid cause of action, it is equally clear that a notice of intention need not. (Patterson v State of New York, supra; Davis v State of New York, 28 AD2d 609, supra.) Not only do the purposes of the documents differ, but the uses to which they are put within the administrative processes of this court differ as well. Thus, when a claim against the State is filed with the clerk, it is assigned a number and serves essentially as a document which forms the foundation of future proceedings to be had in the matter. On the other hand, where a notice of intention to file a claim against the State is filed with the clerk, no number is assigned it, and it is merely recorded and entered in a docket book after receipt is acknowledged. It does not serve as a document upon which issue is joined, nor is it the practice of the Attorney-General to request amplification of matters therein asserted by a bill of particulars, or to enter into formal discovery procedures in order to prepare the case for trial. Such a use is not made of a notice of intention because, in essence, no claim is yet before the court; it merely notifies the State that a claim against it may, in the future, be filed.
It is quite apparent to this court that there is a clear distinction between the purposes and the uses of the notice of *637 intention and the claim. To summarize, the primary purpose of the notice of intention is to afford the State early notice that a claim may be filed against it. Although the claim itself may serve the same purpose if filed early enough, it additionally states the legal theory, the cause of action, upon which the claim is founded, and provides the grounds for legal relief.
The language of subdivision 6 of section 10 is unambiguous in that it authorizes motions to file late claims, and omits any authorization for motions to file late notices of intention. In view of the differing purposes for which the two documents are used, it does not seem to this court to be an irrational distinction for the Legislature to authorize one motion, and not the other.
If the purpose of the notice of intention is to provide the State with early notice, and neither document has been served and filed within the appropriate time period, then there is no longer any reason for a notice of intention to be served and filed since the provision of early notice can no longer be accomplished thereby. In fact, it is to be noted that two of the six factors which the court must consider upon a motion to file a late claim are whether the State had notice of the essential facts constituting the claim, and whether the State had an opportunity to investigate the circumstances underlying the claim. Thus, if it is found by the court upon consideration of such a motion that in fact the State had notice and an opportunity to investigate, then there is no longer any purpose to be served by the filing of a notice of intention to file claim. The actual prosecution of the claim at that point awaits only the joinder of issue, appropriate discovery, and finally, trial upon the merits before a decision can be rendered and a judgment entered.
This court discerns no room for liberal interpretation of Legislative intent with regard to the question of whether the Court of Claims has authority to entertain a motion for leave to file a late notice of intention. The wording of subdivision 6 is clear and unambiguous, and leaves no room for doubt as to what the intention of the Legislature was. For us to engage in interpretation of those words, liberal or otherwise, where the words themselves speak so plainly, would lead us to encroach upon the province of the Legislature and improperly exceed our authority. (See 56 NY Jur, Statutes, § 113.)
Based upon the foregoing, it is this court’s conclusion, and we so hold, that there is no authority for the entertainment of *638 the instant motion, that is for permission to file a late notice of intention to file claim.
This is not to say that the claimant herein is without a remedy. The time within which she can bring the appropriate motion to file a late claim upon proper papers has not expired. The result reached in this motion should not be deemed to prejudice, in any way, the bringing of the appropriate motion on proper papers.
Based upon the foregoing memorandum and after due deliberation, it is determined that this motion be, and the same hereby is, denied.