OPINION OF THE COURT
Gerard M. Weisberg, J.
This motion gives us the opportunity to address a vexatious clause in the Court of Claims Act whose recent repeal will save the Bar much confusion.
Claimant, New York Telephone Company (New York Tel.), *931 seeks leave to file a late claim. (Court of Claims Act § 10 [6].) The alleged cause of action involves property damage to its underground cables occurring on June 27, 1984. A notice of intention was filed with this court on September 12, 1984, within the statutorily prescribed 90-day period. (Court of Claims Act § 10 [3].) However, service was not made upon the Attorney-General. (Court of Claims Act § 11.) Thus, there was not full compliance with the jurisdictional requirements of this court. (Jackson v State of New York, 85 AD2d 818, Iv dismissed in part, denied in part 56 NY2d 501, 568.) This motion is, therefore, necessary.
One of the six factors we are required to consider is whether the claimant had a reasonable excuse for its failure to file. In this context, New York Tel. relies on what it contends was the clerk of this court’s "usual practice” of forwarding filed documents to the Attorney-General. This argument is based on a clause of prior law which "excused” a claimant’s failure to serve a notice of intention or a claim upon the State if the clerk "delivered a copy thereof to the attorney-general within the time required.” (Court of Claims Act § 11, prior to amend by L 1984, ch 427, § 1, eff Jan. 1, 1985.)
This provision was always permissive in nature. Although forwarding of a claim or notice of intention would satisfy the requirements of service upon the Attorney-General (see, Garr v State of New York, 102 Misc 2d 350), the clerk was under no duty to take such action. (Walker v State of New York, 207 Misc 665, affd 3 AD2d 812.) Reliance on any presumed obligation was misplaced. (Petronis v State of New York, 170 Misc 223.)
The construction of the law was recognized by the Office of Court Administration in a legislative memorandum urging its repeal. (1984 McKinney’s Session Laws of NY, at 3868.) At that time, indorsement of the elimination of this provision was counseled as a way to clarify and simplify procedures in the Court of Claims. (Id.) A companion change, designed to implement this goal, included permissive service by certified mail, which is not deemed complete until received. (Court of Claims Act § 11, as amended by L 1984, ch 427, § 1.)
The comments contained in the memorandum support our conclusion that reliance on the clerk, under prior law, to effectuate service was unreasonable. It cannot, therefore, serve as a basis for excusing claimant from meeting the filing requirements of this court.