■ CONNARD BONAPARTE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68311.) CONNARD BONAPARTE, as Administrator of the Estate of LOLA BONAPARTE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68312.)—Order unanimously affirmed without costs. Memorandum: Claimant filed two claims with the Clerk of the Court of Claims but failed to serve a copy of either claim upon the Attorney-General until nearly four years after the accident. His application, made seven years after the accident, for permission to serve the late claims upon the Attorney-General was properly denied as untimely (see, Court of Claims Act § 10 [6]; Hernandez v State of New York, 144 AD2d 167; Matter of Welch v State of New York, 71 AD2d 494, 497, lv denied 50 NY2d 802). Claimant's contention that he was lulled into a false sense of security by relying upon the Clerk of the Court of Claims to serve the claims upon the Attorney-General is without merit (see, Isereau v State of New York, 207 Misc 665, affd sub nom. Walker v State of New York, 3 AD2d 812; New York Tel. Co. v State of New York, 132 Misc 2d 930, 931).

The Court of Claims properly exercised its discretion in denying the application to treat the notices of intention as claims. Each notice of intention states that the injuries were sustained as the result of a two-vehicle collision which caused the vehicle occupied by the proposed claimant, his deceased wife and his children to strike a median divider at a certain location on the Southern State Parkway. The notice of inten-

tion filed on behalf of the deceased wife contains no allegation of negligence, and the notice of intention filed by the proposed claimant in his individual behalf broadly asserts that the injuries resulted from "the defective design, maintenance and repair of the Southern State Parkway". While each notice of intention may provide sufficient notice of the factual occurrence to enable the State to investigate, more is required of a claim *(see, Patterson v State of New York,* 54 AD2d 147, *affd* 45 NY2d 885; *De Hart v State of New York,* 92 Misc 2d 631). A claim must assert a cause of action, indicating the legal basis upon which the State is alleged to be liable *(see, Patterson v State of New York, supra).* Neither notice of intention factually states what defect caused the accident or the precise nature of acts of State employees or agents giving rise to liability. The notices of intention, therefore, fail to assert a cause of action against the State and cannot be treated as claims *(see, Patterson v State of New York, supra; Artale v State of New York,* 140 AD2d 919; *De Hart v State of New York, supra).* (Appeal from Order of Court of Claims, Blinder, J.—Leave to File Late Claim.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.