OPINION OF THE COURT
Leonard Silverman, J.
On August 15, 1993 claimant allegedly sustained personal injury and damage to his car when a tree fell on his car on Route 25A. A claim was served and filed on September 16 and September 21, 1993, respectively. On October 20, 1993 the defendant served its verified answer by mail. On December 6, 1993 claimant’s counsel spoke with an Assistant Attorney-General. Counsel alleged that he never received the answer and the defendant provided another by facsimile. Two days later claimant’s counsel rejected the answer as untimely since it was not served within 30 days as required by CPLR 320 (a). On December 8 and December 13, 1993 claimant served and filed an amended claim.
Claimant’s contention that the answer served on October 20, 1993 by defendant is untimely is without merit. The defendant has 40 days following service of a claim in which to serve its answer (22 NYCRR 206.7). Service of the answer on October 20, 1993 by mail occurred less than 40 days after service of the claim. There is an affidavit of service which indicates the answer was mailed to the correct address. Service is complete upon mailing with appropriate postage to the proper address regardless of whether the addressee receives it (Smith v Lefrak Org., 96 AD2d 859, affd 60 NY2d 828). The mere denial of receipt by the addressee is insufficient to overcome the presumption of delivery (Morgan v Long Beach Entertainment Complex, 125 AD2d 378).
Based upon the foregoing, the defendant’s answer was timely and claimant’s motion for a default judgment is denied.
*385 In the alternative, claimant argues that the amended claim is timely as of right since it was served within 40 days of receipt of the answer on December 6, 1993 or he seeks permission to amend the claim. The amendment seeks to include the location of the occurrence.
The claim states that claimant was "operating his motor vehicle along Route 25A * * * when a tree fell upon his car”. The claim also alleges that the State owned a roadway known as Route 25A, located in the Village of Brookville. There is no further description of where the accident occurred. From a reading most favorable to claimant, it can be inferred that the accident occurred on Route 25A in Brookville.
The defendant’s answer included an affirmative defense that the court lacks jurisdiction based upon the failure to include an adequate description of the location of the accident as required by Court of Claims Act § 11. The amended claim places the occurrence on the north side of Route 25A, one-quarter mile east of Addison Lane in Brookville.
The defendant opposes the motion by arguing that the amended claim is untimely in that it was served more than 90 days after the occurrence. Defendant argues further that claimant cannot amend the timely filed claim since that claim failed to comply with Court of Claims Act § 11 and was therefore jurisdictionally defective. Defendant contends that claimant cannot cure the jurisdictional defect with an untimely amendment.
Claimant does not respond to the alleged jurisdictional deficiency but rather contends that claimant filed a claim form with the defendant’s Department of Transportation and had notice of the location. The conclusion urged by claimant is that defendant would not be prejudiced by the proposed amendment. Claimant also attempts to controvert defendant’s affidavit of service by arguing that if the defendant served its answer as alleged, the answer should have been received by now or returned to sender. Claimant contends that since the answer was not received or returned, the only conclusion we should reach is that it was never served.
Resolution of claimant’s motion to amend the claim depends upon the sufficiency of the original pleading. If claimant failed to comply with the statutes vesting this court with jurisdiction, then he cannot amend the claim as of right or with permission, so as to cure the jurisdictional defect (Sudakin v Long Is. R. R. Co., 32 AD2d 560).
*386 The notice of claim requirements of the Court of Claims are jurisdictional in nature and must be strictly construed (Lurie v State of New York, 73 AD2d 1006, affd 52 NY2d 849). The purpose of these requirements is to give the State prompt notice of an occurrence and an opportunity to investigate the facts. To meet this purpose a claim must include the place of occurrence with sufficient specificity so as to enable the defendant to investigate the occurrence (Court of Claims Act § 11 [b]). A failure to comply with the requirements of Court of Claims Act § 11 renders the claim jurisdictionally defective and subject to dismissal (Harper v State of New York, 34 AD2d 865).
To obtain jurisdiction over the defendant it is not enough that a claim comply with Court of Claims Act § 11. In addition, that claim must be served and filed within the time limitations set forth in Court of Claims Act § 10. A reading of the two sections together leads to the conclusion that in order to obtain jurisdiction, a claimant must file a claim which satisfies the requirements of section 11 within the time limitations set forth in section 10. The statutory provisions of the Court of Claims Act may not be circumvented by an amendment of an original claim (Burrows Paper Co. v State of New York, 174 Misc 850). If the original document does not include all that is essential to constitute a claim, the court is without jurisdiction (Artale v State of New York, 140 AD2d 919).
The original claim before the court failed to describe the location of occurrence with any particularity. Route 25A is an east-west road traversing Queens, Nassau and Suffolk Counties. Even if we conclude from the mentioning of the Village of Brookville in a different paragraph of the claim that the accident occurred in that Village, this does not sufficiently identify the place of occurrence so that the defendant could investigate the accident (Celi v State of New York, Hanifin, J., Aug. 9, 1988, affd 151 AD2d 955).
Claimant argues that he promptly filed a form with a State agency seeking damages and that there is no prejudice to defendant since the form had the precise location of occurrence. The defendant is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11 (Maurer v State of New York, M-46911, Hanifin, J., Apr. 6, 1993). Further, the lack of prejudice is not a factor with regard to determining jurisdictional *387 questions in the Court of Claims (Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607).
From the foregoing it is clear that the original claim failed to describe the location of occurrence with sufficient particularity so as to satisfy Court of Claims Act § 11. This failure renders the original claim jurisdictionally defective. Since there was no timely filed claim which satisfied the requirements of Court of Claims Act § 11 (b), the court lacks jurisdiction over this matter and the pending claim is hereby dismissed (Harrison v State of New York, M-46082, Hanifin, J., Oct. 1, 1992, affd 199 AD2d 811). The amended claim cannot stand on its own as it was filed more than 90 days after the claim accrued. Further, it cannot serve to amend the original claim which we determine herein to be jurisdiction-ally defective.
The court has dismissed this claim on its own motion (Dependable Trucking Co. v New York State Thruway Auth., 41 AD2d 985) since it is a waste of judicial resources to permit continued litigation in a matter destined for dismissal and this will also enable claimant to seek relief pursuant to Court of Claims Act § 10 (6) prior to the expiration of the Statute of Limitations.