OPINION OF THE COURT
Leonard Silverman, J.
On June 23, 1993 William Cannon (hereafter claimant) was performing steam fitting work at the main power plant at Stony Brook University. He was scalded and burned when steam, that was pressurized, was released. A notice of intention was filed and properly served on August 11, 1993. The claim was filed and properly served on March 22, 1994.
The State seeks to dismiss the claim for a lack of jurisdiction arising from claimants’ failure to particularize the State’s conduct or negligence as it relates to the accident. Claimants seek an order "pursuant to Court of Claims Act § 10 (6) granting leave to file an amended claim.” In support of this cross motion claimants submit a proposed amended claim which is substantially the same as the claim except for a new paragraph 3 (c). The additional paragraph describes the work claimant was performing and specifies where within the power plant claimant was working. It does not state how the defendant is responsible for the injuries claimed.
A motion to amend a claim is brought pursuant to CPLR *625 3025 not Court of Claims Act § 10 (6). Leave to amend should be freely granted absent prejudice. This is a relatively recent claim and discovery is in its initial stage. We perceive no prejudice in allowing the proposed amendment. The additional paragraph does not, however, address the deficiency in the claim raised by defendant’s motion.
A claim must set forth the time when and place where the claim arose and the items of damage or injury sustained (Court of Claims Act § 11 [b]). The claim must plead the facts relied upon to sustain a recovery. In addition it must set forth a valid cause of action (Glassman v Letchworth Vil. Dev. Ctr., 104 Misc 2d 755). A claim which fails to assert a legal theory upon which the State is liable is defective (Bonaparte v State of New York, 175 AD2d 683; De Hart v State of New York, 92 Misc 2d 631).
The State is correct in its assertion that the claim is insufficient. The same arguments would also apply to the amended claim. Neither document specifies a legal theory which renders the State liable for claimant’s injuries. We know that the State owns and operates Stony Brook University but the claim is void of any allegations of wrongdoing or negligence on the part of the State. If the defendant admitted to every allegation in the amended claim it would not be liable to claimants since there is no allegation that the defendant is in any way responsible for the injuries sustained.
The claim is subject to dismissal for failure to state a cause of action. The failure to allege facts sufficient to constitute a cause of action is, however, capable of correction by amendment and does not, in and of itself, render the proceedings jurisdictionally defective (Jackson v New York City Hous. Auth., 88 Misc 2d 121).
From the papers submitted by claimants on these motions, we can discern that the claim is premised upon the defendant’s negligence. Claimant was working for a contractor engaged by defendant. Claimant contends that a State employee should have relieved the steam pressure on the line where claimant was to install a valve. The failure to relieve the pressure is the alleged negligence. The foregoing is some indication that claimants could set forth a valid cause of action. This showing is sufficient for us to permit claimants to amend their claim so it contains all the allegations necessary to sustain a cause of action (Kupferman v Glasser, 28 AD2d 1112).
*626 In permitting an amendment we must make a distinction between permission to amend a claim to remedy a pleading deficiency and an amendment to cure a jurisdictional defect. This claim falls into the former category since claimants obtained jurisdiction with their notice of intention. In a situation where a claimant has failed to obtain jurisdiction, an amendment of a claim cannot be a vehicle to circumvent the jurisdictional requirements of the Court of Claims Act (Grande v State of New York, 160 Misc 2d 383; Sudakin v Long Is. R. R. Co., 32 AD2d 560).
Defendant contends that the notice of intention is jurisdictionally defective because it fails to adequately set forth the nature of the claim, that being one of the requirements of Court of Claims Act § 11. Defendant argues that the jurisdictional defect renders the notice of intention a nullity and if the notice of intention is void, the claim is untimely and may not be amended.
The notice of claim requirements in Court of Claims Act §§ 10 and 11 are jurisdictional prerequisites to the maintenance of a claim and must be strictly construed. When interpreting these statutes we should not lose sight of their purpose which is to give the State prompt notice of an occurrence and an opportunity to investigate the facts to determine its potential liability (Heisler v State of New York, 78 AD2d 767).
A notice of intention must contain the same information as a claim except it may omit the items of damage or injuries sustained (Court of Claims Act § 11 [b]). It also differs from a claim in that it need not set forth a valid cause of action or legal theory for recovery (Bensen v State of New York, 88 Misc 2d 1035). A notice of intention will be sufficient if it provides the State with fair and timely notice of those facts necessary to conduct a meaningful investigation (Schwartzberg v State of New York, 121 Misc 2d 1095, affd 98 AD2d 902). Every element in a notice of intention need not be set forth with formalistic rigidity and it should not be scrutinized as strictly as a pleading. A document which fails to factually state what defect caused an accident or the precise nature of the acts of the State employees involved, will not be sufficient to constitute a claim but it may satisfy the requirements for a notice of intention (Bonaparte v State of New York, 175 AD2d 683, supra; Schwartzberg v State of New York, supra). A notice of intention which satisfies the purpose of the statute will be sufficient to obtain jurisdiction over the State (Williams v State of New York, 77 Misc 2d 396).
*627 The State argues that the notice of intention does not provide adequate information to conduct an investigation. A notice of intention must provide the location of the accident if the defendant is going to be able to investigate the accident (Grande v State of New York, 160 Misc 2d 383, supra). Here, the notice of intention stated that the injury was sustained in the main power plant at Stony Brook University. The defendant contends this description is not adequate because the building is half the size of a football field and has more than 30 valves.
While the State is not obligated to go beyond the notice of intention for information required in the notice of intention, the location provided in the notice of intention was sufficient to conduct an investigation. Defendant is obligated to investigate, or attempt to investigate, the accident before it claims it cannot conduct an investigation.
When determining whether a claim could be investigated on the information provided, a distinction must be made between occurrences on roads, parks and premises open to the public and places under the exclusive control and operation of the defendant. An accident in a public area cannot be investigated without a specific location. Even when a location is specified, the condition must be described so an investigator has an indication of what to look for. An open, public area requires greater specificity because the defendant has no ability to ascertain what occurred by simply going to a designated place.
An investigation of an accident arising out of work being performed for defendant in an enclosed building that is under the exclusive control of defendant entails speaking to the person responsible for the building or that person’s agent. A notice of intention which provides a location specific enough to locate its own employee directly responsible for the building, satisfies the requirement of section 11 to set forth the place where the claim arose.
In the case before us claimant was working for a contractor hired by the defendant. Even if the engineer responsible for the power plant was unaware of this accident, the State through its engineer had to know the nature of the work being done by claimant’s employer and exactly where it was being done within the building. The location of this accident was specific enough for an investigator to get to the building, or speak to the engineer in charge, and determine why claimant was in the building, where claimant was work *628 ing in the building and what work claimant was performing at the time of the accident. This is not a preliminary investigation to gather information necessary for an investigation, but rather the investigation of the accident itself.
In a previous matter the defendant submitted an affidavit from an investigator attesting to his inability to investigate a claim premised upon a defective condition because the condition and location was not adequately specified (Stabile v State of New York, Dec. 7, 1993, Silverman, J., M-48641). There is no such affidavit here. In fact, defendant submits an affidavit from the engineer at the power plant and it appears that while the engineer did not witness the accident, he knew about the work and claimant’s injury. Obviously, the notice of intention sufficiently identified the location for defendant to ascertain what occurred. With the information provided, defendant was able to investigate to the same extent it could have investigated had a particular valve been specified.
In addition to adequately setting forth the location of an accident, a notice of intention must provide details of the nature of the claim. An allegation that an accident occurred is not sufficient to place the defendant on notice of what claimant is alleging to be the cause of the accident (Conrad v State of New York, July 29, 1993, Hanifin, J., M-47317). There is more, however, in the notice of intention filed by claimants. A fair reading of this notice of intention indicates the claim is going to sound in negligence. The defendant was able to discern this. The notice of intention also indicates that claimant was injured by pressurized steam escaping when claimant was performing steam fitting work. We believe this factual assertion is adequate to apprise defendant of how claimant was injured and enable defendant to investigate the incident.
Based upon our conclusion that the notice of intention was sufficient to enable defendant to investigate, we have jurisdiction over the claim and will permit claimants to replead their claim by amending it to cure their failure to set forth a cause of action. This is a more practical approach than dismissing the claim and having claimants commence the action anew.
Accordingly, defendant’s motion to dismiss is denied. Claimants’ cross motion to amend is granted in accordance with the directions herein. Claimants shall serve and file the proposed *629 amended claim after adding sufficient allegations so as to constitute a single cause of action sounding in negligence. The document shall be verified and thereafter filed and served within 30 days of receipt of a filed copy of this order. The cross motion for a late claim is denied as moot.